FINNEY, Receiver, and others, Appellants, vs. GUY, Respondent.

*September 3 — September 24, 1901.*

*Appeal: Notice of motion: Withdrawal: Record: Bill of exceptions: Judgment after reversal: Res judicata.*

1. On the same day respondent served a notice of motion to dismiss an appeal and a notice of motion to strike certain papers from the record. Two days thereafter he served a notice that "the annexed notice of motion to dismiss the appeal . . . a copy of which is hereto annexed is hereby withdrawn." Annexed thereto were copies of the notice and motion to strike out. *Held,* that the motion to strike out was withdrawn.

2. Steps taken in the trial court which do not properly become a matter of record can come before this court only by a bill of exceptions settled and authenticated as such by the trial judge. A declaration of the trial judge, appended to an order sustaining a demurrer, to the effect that the order was excepted to on certain grounds specified, is no proper part of the record on appeal and cannot be considered.

3. Where an order overruling a demurrer is reversed and the cause remanded "for further proceedings according to law," a judgment subsequently entered by the trial court does not become the judgment of the supreme court, but is subject to review on appeal.

4. A decision on appeal that a complaint fails to state any cause of action must control both the trial court and this court at all subsequent stages of the same case, no matter what new or different arguments may be urged against its correctness.

APPEAL from a judgment of the circuit court for Pierce county: E. W. HELMS, Circuit Judge. *Motion to dismiss denied; judgment affirmed.*

Suit by the receiver of a Minnesota corporation, appointed by one of the courts of that state, to recover the additional stockholder's liability under the laws and constitution of Minnesota. The complaint was before this court and considered on demurrer in *Finney v. Guy*, 106 Wis. 256, wherein it was decided that the complaint did not state a cause of action. The former order of the circuit court overruling demurrer thereto was reversed, and cause remanded "for further proceedings according to law." Upon filing *remittitur*, the circuit court entered an order "that the demurrer of the defendant to the complaint herein be sustained, and the complaint be dismissed, with costs to the defendant," whereupon judgment of dismissal was entered, from which the plaintiffs appeal. The respondent moves to strike certain papers from the return on appeal, and moves separately to dismiss the appeal.

For the appellants there was a brief *Fred W. Reed* and *F. M. White*, and oral argument by *Mr. Reed*.

For the respondent there was a brief by *John W. Bashford*, attorney, and *R. M. Bashford*, of counsel, and oral argument by *R. M. Bashford*.

DODGE, J. The respondent presented and argued a motion to strike certain papers out of the record sent up from the court below, but we feel obliged to decline considera-

Finney and others vs. Guy.

tion, for the reason that, such motion, and a notice that the same would be made, having been served on the appellants on the 15th day of August, 1901, the respondent, on the 17th day of August, served a notice that "the annexed notice of motion to dismiss the appeal in this action heretofore served on you on August 15th, a copy of which is hereto annexed, is hereby withdrawn." Annexed to that notice were copies of the notice and motion for striking out certain parts of the record. It may be, as is suggested, that respondent intended to withdraw a motion to dismiss, which also was served on the 15th day of August, but the annexing of copies of this particular motion to strike out could have left no reasonable doubt in the mind of the appellants that the motion now attempted to be presented was withdrawn. Appellants were justified in that conclusion, and are therefore without notice, as our rules require, of the making of such motion.

We may say in this connection, however, that one of the elements sought to be eliminated from the record, which consists in a declaration by the circuit judge, appended to the order sustaining the demurrer, to the effect that the plaintiffs excepted to such order and specified certain grounds of exception, is no proper part of the record before us on appeal, and its physical presence in the roll of papers transmitted by the clerk of the circuit court can have no effect. It cannot serve to inform us of any steps taken in the court below. Any such steps which do not properly become a matter of record can only come to our notice by a bill of exceptions, settled and authenticated as such by the circuit judge. The document referred to is mere surplusage and of no efficacy whatever.

Respondent also moved, upon due notice, to dismiss this appeal for the reason that the judgment of the circuit court was, as asserted, entered in obedience to the mandate of this court, and therefore was and is the judgment of this

court and not subject to appeal; citing in support of that position *Patten P. Co. v. Green Bay & M. C. Co.* 93 Wis. 283. The position is not well taken. In the *Patten Case* the action was remanded with directions to the court below to enter a judgment, which it did. In this case, upon the overruling of the demurrer, the cause was remanded " for further proceedings according to law." This placed it again in the control of the trial court to ascertain and decide what the law might be in any future attitude the case might take, guided and controlled, of course, so far as this court had spoken, by the law laid down in its opinion. After the remission of the case, it was possible for the circuit court to decide either rightly or wrongly as to the law, and therefore as to the steps that should be taken or decisions that might be rendered. Its decisions were not those of this court, but its own, and subject to review upon appeal as in other cases. *Great Western T. Co. v. Burnham,* 162 U. S. 339. It follows that the motion to dismiss must be denied, and the action of the circuit court reviewed upon appeal to ascertain whether error has been committed.

Upon the merits, we are, of course, to consider first what was decided by this court upon the first appeal, for whatever we then decided has become *res adjudicata,* and must control both the circuit court and this court at all subsequent stages of the same case. *Priewe v. Wis. State L. & I. Co.* 103 Wis. 537; *Wollman v. Ruehle,* 104 Wis. 603; *Richter v. Estate of Leiby,* 107 Wis. 404. Turning to the former opinion and judgment in this court (106 Wis. 256), we find it decided unambiguously that the complaint fails to state any cause of action maintainable in our courts. That being so, the action of the circuit court in sustaining the demurrer to that complaint, and, it not being amended, in entering judgment dismissing the same, is necessarily right, and must be affirmed upon this appeal, no matter what new or

different arguments might now be urged against the correctness of the conclusion then reached.

*By the Court.*— Respondent's motion to dismiss the appeal is denied, with $10 costs. The judgment appealed from is affirmed.