EUTING, by guardian *ad litem,* Respondent, vs. CHICAGO &
NORTHWESTERN RAILWAY COMPANY, Appellant.

*February 23—March 22, 1904.*

(1) *Decision on former appeal: Effect.*   (2–4) *Railroads: Explod-
ing torpedo on track: Injury to bystander: Liability: Damages.*

1. A decision upon a former appeal that upon certain facts defend-
   ant is liable for an injury becomes a rule of law governing the
   parties in the action at all subsequent stages thereof.
2. The evidence in this case is *held* to support a special finding by
   the jury that a torpedo which was placed upon the rail near
   an engine was so placed, not by the fireman, but by the engi-
   neer himself, who thereupon moved the engine over it, causing
   it to explode and injure the plaintiff.
3. It is immaterial whether or not the torpedo was so placed upon
   the track in the conduct of defendant's business if the engi-
   neer ran the engine over the torpedo in the conduct of such

business, with knowledge of its presence, under the circum-
stances of plaintiff's proximity and peril.

4. By the explosion of a torpedo the main artery in the thigh of a
boy nine years old was severed and, after healing, an aneurism
developed which necessitated a serious operation, as a result of
which the strength and vigor of the limb were likely to be in
some measure permanently impaired. He was obliged to travel
on crutches for about two years, and suffered great pain up to
a time considerably beyond the operation, with some pain up
to the time of the trial, three years after the injury. *Held,*
that an award of $2,000 damages was not excessive.

APPEAL from a judgment of the circuit court for Kenosha
county: E. B. BELDEN, Circuit Judge. *Affirmed.*

This is an appeal from judgment in favor of the plaintiff
rendered upon a retrial of the same action considered at 116
Wis. 13, 92 N. W. 358. The jury returned a special verdict
that the plaintiff was injured by explosion of the torpedo;
that such torpedo was placed on the rail not by the fireman,
but by the engineer, in the conduct or performance of de-
fendant's business; and that the engine was started by the
engineer, and not by the fireman, with knowledge that the
torpedo was upon the rail; that the placing of the torpedo
upon the track and its explosion were the proximate cause
of plaintiff's injury, and that his damages were $2,000. De-
fendant moved to change the answers to the questions so as
to find that the fireman placed the torpedo, and that the en-
gineer had no knowledge of such fact, and that it was not so
placed in the conduct of defendant's business. That motion,
as also a motion for a new trial, was overruled, and judg-
ment entered.

*Edward M. Hyzer,* for the appellant.

For the respondent there was a brief by *Baker & Baker,*
and oral argument by *N. L. Baker.*

DODGE, J. The weight of appellant's contention is ad-
dressed to the claim that the finding that the engineer placed
the torpedo on the rail is not supported by the evidence. This

conclusion rests upon the testimony of three boys, who are
all positive in their statements that the engineer was the
man who did this.   Confessedly, it was either the engineer
or fireman, and the question is mainly one of identification.
That identification on the last trial was threefold: First, the
testimony is positive that the man who placed the torpedo was
the man who started the engine, and the engine was confess-
edly started by the engineer; secondly, that the man who
placed the torpedo was the older and grayer man of the two—
both the fireman and engineer being in court for the inspec-
tion of the jury; again, that two of the boys, some months
afterwards, recognized the man who was running the same
engine (concededly the engineer) as the man whom they say
put the torpedo on the track; and, further, the same wit-
nesses identified the engineer in court as that man.   This
evidence is stronger and more definite than was the proof
upon the former trial, which this court held sufficient to
raise a jury issue.   Counsel for appellant urges that this tes-
timony is incredible, but it is so only if we must believe the
testimony of the engineer and fireman, who do, indeed, tes-
tify not only to acts, but to facts inconsistent therewith.   This,
however, does not create that phase of incredibility which
warrants the court in taking from the jury the right to weigh
evidence.   Such condition no more than raises a question of
relative credibility of conflicting witnesses, which is essen-
tially within the jury province.   We deem it clear that there
is evidence which might have been believed by the jury suffi-
cient to support their finding on this question.   The fact
being thus established, the liability of the defendant was
settled upon the former appeal.   The decision then made be-
came a rule of law governing the parties in this action at all
future stages thereof, and no error can be attributed to the
trial court in applying that rule to the same state of facts
considered in that opinion.   *Crouse v. C. & N. W. R. Co.*
104 Wis. 473, 480, 80 N. W. 752; *Wollman v. Ruehle,* 104

Wis. 603, 80 N. W. 919; *Finney v. Guy,* 111 Wis. 296, 87 N. W. 255; *Collins v. Janesville,* 111 Wis. 348, 359, 87 N. W. 241, 1087.

Some contention is made that the damages are excessive. The plaintiff, about nine years of age, received an injury which severed the main artery in his thigh, which, after healing, developed an aneurism, which necessitated his being sent to a hospital in Chicago and there subjected to the serious operation of reopening the wound, removing the aneurism, and tying up the artery, thus destroying the main femoral artery as an unbroken duct for all time, necessitating that the blood to nourish that limb shall find its way through smaller auxiliary arteries, whereby, as there is some testimony, the strength and vigor of the limb are likely to be in some measure impaired permanently. Great pain and suffering accompanied the injury and the period up to and considerably beyond the operation, and diminishing pain continued up to the time of trial, some three years after the injury. The plaintiff was obliged to travel on crutches for about two years, and still suffered some, though not very serious, impairment of the use of the limb. In this situation we are unable to say that $2,000 is so excessive an allowance as to warrant this court, upon appeal, in setting aside the verdict after the same has received the approval of the trial court upon a motion for new trial.

A further finding by the special verdict that the torpedo was placed on the track in the conduct of defendant's business is assailed as unsupported by evidence. That is, however, so entirely immaterial to the result that we may forego consideration of the assignment of error. Concededly, the engineer ran the engine over the torpedo in the conduct of defendant's business. If he did so with knowledge of its presence, under the circumstances of plaintiff's proximity and peril, the defendant's liability is established by the holding on the former appeal.

*By the Court.*—Judgment affirmed.