STREHLAU, Appellant, vs. JOHN SCHROEDER LUMBER COMPANY, Respondent.

*February 19—March 11, 1913.*

*Appeal: Law of the case: Nonsuit: Affirmance: Second action: Same facts: New arguments: Master and servant: Injury: Unsafe working place.*

1. Although a judgment of nonsuit, voluntary or involuntary, is not a bar to another action upon the same cause, yet where such judgment is affirmed on appeal the law as laid down in the opinion of this court becomes the law of the case, and conclusive upon the question of the legal effect of the evidence then presented, in all subsequent proceedings upon the same cause of action.

2. Thus where, in an action by a servant for injuries received while engaged in the erection of a building, this court, upon appeal from a judgment of nonsuit, held that the evidence then presented showed neither negligence nor failure of duty on the part of the master, that decision forecloses all contentions of negligence which could then have been made on the same state of facts, whether they were in fact made or not; and this includes a contention as to the effect of a statute not then brought to the attention of the court or considered by it in making its decision.

3. Where in the second action, brought after the nonsuit upon the same cause, the evidence which was claimed to differentiate the case from the former one did not tend to show any breach of duty on the part of the master, and it appeared, as before,

that whatever the condition was which caused plaintiff's working place to be unsafe it was created by acts of co-employees in the process and prosecution of the construction of the building, the former decision was conclusive.

APPEAL from a judgment of the circuit court for Oneida county: A. H. REID, Circuit Judge. *Affirmed.*

Action for personal injuries. A former action for the same injuries resulted in a judgment of nonsuit, which was affirmed by this court. 142 Wis. 215, 125 N. W. 429. After that affirmance this action was commenced, and the appellant's claim is that the complaint and the evidence in the present action contain additional facts which substantially differentiate the present action from the former. The facts appearing on the trial of the first action will be found very succinctly stated in the statement of facts preceding the opinion in that case and need not be repeated here.

Upon the trial of the present action the following stipulation of facts was made at the opening of the trial:

"It is stipulated by the attorneys for the respective parties to this action, that the injury which plaintiff sustained accrued while he was employed by the defendant in the construction of a sawmill'; that said mill was 196 feet long and 60 feet wide, extending north and south; that three runways extended the entire length of said mill, which were used in distributing large timbers, one of the said runways being at easterly side of the mill, another at the westerly side, and the third in the middle, each of them six feet in width and the middle runway being nineteen feet above the ground at the place at which the plaintiff was hurt. That at the south end of the middle runway, equidistant from each side, was a gin pole, used in hoisting heavy timbers from the ground to the said runway. That the workmen engaged in hoisting of the timber used a piece of timber one and seven-eighths inches in thickness, from six to eight feet long and six inches in width, as a prop on which each timber was laid when it reached said runway, in order to permit the loosening of the chain fastened to the middle of the timbers for the purpose of hoisting it to the runway. That while the men upon the middle runway

were engaged in this work this piece of plank was in some manner pushed off the runway, and in falling struck the plaintiff upon the head, causing the injuries complained of. That these runways had been used from three to five days at the time plaintiff was injured, and all of the timbers which had been hoisted by means of said gin pole had been hauled into the mill by the plaintiff."

Evidence was received supplementing the stipulated facts, and the jury rendered the following special verdict:

"(1) Did ordinary care on defendant's part before plaintiff's injury require it to furnish and firmly fasten on the floor of its mill in question, near to the gin pole there being used, a prop (so called) similar to the prop here involved? A. Yes.

"(2) If you answer the first question 'Yes,' then answer this: Was the failure to so furnish and fasten the prop a proximate cause of plaintiff's injury? A. Yes.

"(3) Did the plaintiff, by a lack of ordinary care on his part, proximately contribute to produce his injury? A. No.

"(4) In what amount has plaintiff been damaged by the injuries he received on December 15, 1908? A. $15,000."

Upon motion the court changed the answers to questions 1 and 2 from "Yes" to "No," and entered judgment for the defendant, from which judgment this appeal is taken.

For the appellant there were briefs by *Eaton & Eaton* and *Frank B. Lamoreux,* and oral argument by *Mr. M. H. Eaton* and *Mr. Lamoreux.*

For the respondent there was a brief by *Doe & Ballhorn,* and oral argument by *J. B. Doe.*

WINSLOW, C. J.    The effect of the judgment in the former action is necessarily the first question for consideration.

It is familiar law that a judgment of nonsuit, voluntary or involuntary, is not a bar to another action upon the same cause. *Gummer v. Omro,* 50 Wis. 247, 6 N. W. 885; *Gratz v. Parker,* 137 Wis. 104, 118 N. W. 637. It is also familiar law that when a case is brought to this court upon appeal from an order sustaining or overruling a demurrer, the law as held

by this court in its opinion becomes the law of the case, and binds the parties and the courts in all subsequent proceedings in that case, even though the court should afterwards be of opinion that the court then erred. *Finney v. Guy,* 111 Wis. 296 (87 N. W. 255) and cases cited p. 299; *Cape v. Plymouth Cong. Church,* 130 Wis. 174, 109 N. W. 928.

If it be held by this court in such a case that the complaint fails to state a cause of action, the trial court can do nothing but sustain the demurrer when the case is remitted, no matter what new or different arguments can then be made. *Ibid.* Necessarily the plaintiff cannot better his position by allowing judgment of dismissal to be entered and commencing another action on the same cause of action, and then filing the same complaint. If he could do this, the rule would be of no practical effect. Again, when this court reverses a judgment for defendant on a nonsuit or directed verdict and holds that there was sufficient evidence to go to the jury, that holding, whether right or wrong, becomes the law of the case upon the same, or substantially the same, state of facts. *Euting v. C. & N. W. R. Co.* 120 Wis. 651, 98 N. W. 944; *Herring v. E. I. Du Pont de Nemours P. Co., ante,* p. 394, 140 N. W. 290.

The principle which controls the two cases is the same, and is not only valuable but wholesome. It tends to bring litigation to an end. It prevents the bringing of action after action for the same cause whenever it is thought that a new argument has been discovered not brought up before. It prevents experimenting with the courts and trying cases piecemeal.

A motion for a nonsuit is substantially a demurrer to the evidence, and the order of nonsuit an order sustaining that demurrer. When such an order comes here for review, the law as laid down in the opinion should in all reason be just as conclusive upon the question of the legal effect of that evidence in all future proceedings on the same cause of action as in case of a demurrer to a pleading. No logical reason for

applying any different rule in the one case from that applied in the other has been suggested, nor do we think of any. A different rule would allow a plaintiff to try his theories on the court one by one, and would furnish to a litigious plaintiff the opportunity of worrying his adversary with action after action whenever his attorney could find a new argument.

Upon the appeal in the former action it was deliberately decided by this court that the evidence then presented showed neither negligence nor failure of duty on the part of the defendant. It is true that the argument that the so-called "prop" which fell on the plaintiff was part of a hoist or mechanical contrivance, and hence that it was the absolute duty of the defendant to make it safe under the provisions of sec. 1636—81, Stats., was not then made, and the decision was made without consideration of the effect of that section upon the question of the defendant's negligence. That is, however, simply a new argument,—not a new fact. It existed at the time the former action was tried, and should have been made at that time. The decision that there was no negligence forecloses all contentions of negligence which could then have been made on the same facts, whether they were in fact made or not.

We come then to the question whether there are any additional facts in the present case which call for the application of different legal principles.

The additional evidence chiefly relied on is the evidence of several carpenters and workmen to the effect that in building operations such as those under investigation it was customary to use such a "prop" in the work of hoisting of timbers and to spike it down to the sill or floor instead of allowing it to remain loose. The difficulty with this evidence is that it does not appear therefrom that this was a custom of the employers, but rather that it was a custom of the employees themselves. Not only that, but in the present case it appears affirmatively that a so-called "dolly" or contrivance of a different nature

for receiving and moving timbers was furnished by the master, and that the plank or "prop" in question was not ordered to be placed where it was by the foremen or any one representing the master in charge of the work.    There is absolutely no evidence that it was furnished for use by the master or even expected by him to be used in the work, either spiked or unspiked.

The only other evidence tending to differentiate the case from the case before presented is the evidence of a workman named Fike, who testified that before he put his foot against the prop, in order to brace himself while hauling in a timber, and that it shot out and fell on the plaintiff because it was not nailed down.

It is very apparent from what has been said that this additional evidence adds nothing to the case, because none of it tends to show any breach of duty on the part of the master. It appears now, as before, that "whatever the condition was, it was created by acts of co-employees in the process and prosecution of the construction of the mill."

*By the Court.*—Judgment affirmed.

Siebecker, J., dissents.