Thomas v. Lockwood Oil Co. 178 Wis. 599.

THOMAS, Administrator, Respondent, vs. LOCKWOOD OIL COMPANY, Appellant.

*October 12—November 8, 1922.*

*Automobiles: Negligence: Death of minor child: Former adjudication: Evidence: Rate of speed: Evidence on admitted facts: Harmless error: Contributory negligence: Instructions: Trial: Special verdict: Questions in negligence cases: Excessive damages.*

1. When the supreme court reverses a judgment for defendant on a nonsuit or directed verdict and holds there was sufficient evidence for the jury, that holding, whether right or wrong, becomes the law of the case upon the same or substantially the same state of facts.
2. At a former trial for the death of plaintiff's decedent by being run down by an automobile truck, a verdict for the defendant was directed on the ground that the driver of the truck,

at the time of the accident, was not within the scope of his employment. This ruling was reversed on appeal, and at the second trial the jury found that the driver was within the scope of his employment. Although at the second trial some new evidence was given bearing on the subject of the scope of employment, the essential fact remains that the accident occurred at the place and in the manner described in the former trial, and the rule of former adjudication applies. ESCHWEILER, J., and VINJE, C. J., dissent.

3. Where the ground of negligence relied on was that the driver had lost control of the truck, evidence of the course and distance it ran after the collision was properly admitted, even though the rate of speed was not in dispute.

4. Since the rate of speed at which the truck was driven just before and at the time of the accident was undisputed, permitting plaintiff to prove that on another street the truck was driven at great speed was not prejudicial error.

5. The fact of death having been admitted, evidence briefly given as to the result of an examination of the deceased after he was taken to a hospital, in which it appeared that there were many bruises, several ribs broken, and a fracture of the neck bone, which was offered to prove the death and its cause, did not afford ground for a new trial, in view of the conclusion of the supreme court that the damages should be reduced.

6. Some of the evidence relied on to show contributory negligence having been offered by plaintiff, an instruction that if the jury were satisfied by evidence, "which the defendant was bound to produce," that want of care by the deceased proximately contributed to cause the collision, was erroneous to the extent that all testimony as to contributory negligence must be produced by defendant, but under the facts was not prejudicial.

7. Where it was agreed that the rate of speed of the truck did not exceed fifteen miles an hour, refusal of the court to submit a question as to whether the truck was operated at a speed greater than fifteen miles an hour was not error.

8. Under the issue as to the scope of the driver' employment it was immaterial whether he was a competent driver, and the refusal of defendant's question, "Was the driver a competent person to operate the truck?" was not prejudicial error.

9. In negligence cases each ground of negligence constitutes a distinct question, and proper practice requires a special verdict to be so framed as to indicate in what respect the jury agree in finding negligence; and this cannot be accom-

plished by the submission of an omnibus question in which the jury is required to find generally on the question of negligence.

10. In an action by a father, a widower fifty-four years old without property, for the death of a son eleven years and eight months old who was in good health, looked after the house, and worked, at times receiving between $4 and $5 a week and turning the money over to the father, a verdict of $4,637 damages for loss of pecuniary benefits before and after majority was excessive, and $3,000 would be proper.

APPEAL from a judgment of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Modified and affirmed.*

Action by a father, as administrator, to recover for the death of his son, alleged to have been killed because of the negligent operation of defendant's truck. Deceased was killed while riding a bicycle on the city streets. At the time of the accident defendant's truck was being driven by a friend of the employee having charge of it. There was evidence that prior to the accident the employee had been using the truck for his own purposes, and that at the time of the accident he was intending to drive around the block to see a girl.

For the appellant there was a brief by *Glicksman, Gold & Corrigan* of Milwaukee, and oral argument by *Walter D. Corrigan.*

For the respondent there was a brief by *Whaley & Erikson* of Racine, and oral argument by *Vilas H. Whaley.*

JONES, J. This case comes before us on a second appeal. Most of the facts now involved are stated in *Thomas v. Lockwood Oil Co.* 174 Wis. 486, 182 N. W. 841, and in that statement is included a map showing the location of streets and the place of the accident mentioned in the testimony. It is therefore unnecessary to repeat the facts contained in the statement there made.

On the former trial the court directed a verdict in favor of the defendant on the ground that the person in charge of the car of defendant was not at the time of the accident in the scope of his employment. On the second trial, by special verdict, the jury found that there was want of ordinary care on the part of the driver of defendant's truck in operating the same at and immediately prior to the collision; that such want of ordinary care was the proximate cause of the collision and the death; that there was no want of ordinary care on the part of deceased proximately contributing; that the defendant's employee was acting within the scope of his employment at the time of the collision; that the pecuniary loss of the plaintiff because of his son's death was $4,637, and for funeral expenses $123.

It is urged by plaintiff's counsel that the decision of this court on the former appeal is *res adjudicata* and conclusive upon the questions then determined for the reason that the facts proven at both trials were substantially the same. It is well settled that:

"When this court reverses a judgment for defendant on a nonsuit or directed verdict and holds that there was sufficient evidence to go to the jury, that holding, whether right or wrong, becomes the law of the case upon the same, or substantially the same, state of facts." *Strehlau v. John Schroeder L. Co.* 152 Wis. 589, 592, 142 N. W. 120.

The rule and the reason are well stated by Mr. Chief Justice WINSLOW in that case (p. 592):

"The principle which controls the two cases is the same, and is not only valuable but wholesome. It tends to bring litigation to an end. It prevents the bringing of action after action for the same cause whenever it is thought that a new argument has been discovered not brought up before. It prevents experimenting with the courts and trying cases piecemeal." *Euting v. C. & N. W. R. Co.* 120 Wis. 651, 98 N. W. 944; *Herring v. E. I. Du Pont de Nemours P. Co.* 152 Wis. 394, 140 N. W. 290.

On the other hand it is claimed by counsel for defendant that this rule does not govern for the reason that many new and important facts were proven on the second trial. At the second trial some additional evidence was given bearing on the subject of the scope of employment. The substance of the new evidence on this subject is that during the afternoon, and before Finch started to return to the place of business, there had been loitering and visiting with some comrades at a place the location of which is not given; that he had given a ride to one of his comrades, the distance not appearing. But the essential fact remains as before that the accident occurred at the place and in the manner described in the former trial. As was said in the former opinion:

"In any event, at the time of the injury he was back on Center street and headed in the proper direction towards his master's place of employment. He was then in the master's employ. . . . That he then had an unexecuted purpose of again running around on Franklin street to again try to see the girl was a purpose which he might have abandoned before reaching the point of turning, and being merely an unexecuted, unexpressed mental purpose of his own cannot be deemed a departure from his master's service." *Thomas v. Lockwood Oil Co.* 174 Wis. 486, 493, 182 N. W. 841.

We do not consider that the additional evidence on this subject prevents the application of the rule as to the effect of former adjudication, and we therefore hold that at the time of the accident there was no such departure from the employer's service as to prevent recovery, and that the answer of the jury on this branch of the case was properly sustained.

It is also argued by defendant's counsel that there was new testimony to the effect that Finch, the employee, was forbidden to allow any one else to drive. On the former trial no testimony was given by defendant on this subject.

On the second trial defendant's superintendent testified that Finch was so forbidden, while Finch testified at some length that no such instructions were given him. No request was made to submit this issue of fact to the jury, and it was said in the former opinion (p. 495):

"We think, therefore, that for the purposes of this case as the record discloses the situation, Larson, though in a measure a volunteer without expectation of compensation, nevertheless so far as any third person would be concerned was in defendant's employment at the time of the injury."

We see no reason why the ruling in the former decision should not stand as the law of the case.

It is also argued by defendant's counsel that there is new evidence to the effect that the deceased while riding his bicycle on Center street in front of the truck turned sharply to the left, thus being guilty of contributory negligence and creating an emergency tending to excuse the manner of operating the truck. We do not find any essential difference in this respect in the testimony given on the two trials. In both the testimony was clear that there was a brick pile in plain view of the driver on Center street and that it was evident that the boy must turn to the left in order to pass it.

Defendant's counsel urge that there were several errors in the admission of testimony. Plaintiff was allowed to prove the course of the truck and the distance it ran after the collision, and it is argued that since the speed was not in dispute this was error. The ground of negligence relied on was that the driver had lost control of the truck. As bearing on this question the testimony was properly admitted.

It is assigned as error that plaintiff was permitted to prove that on another street the truck was driven at great speed. Since the rate of speed just before and at the time of the accident was undisputed, we do not consider that this

was prejudicial error. Plaintiff was permitted to prove the result of the examination of the deceased after he was taken to the hospital. In this testimony it appeared that there were many bruises; several ribs were broken; and that there was a fracture of the neck bone which had caused the death. This testimony was offered to prove the death and its cause. Defendant's counsel argue that since the instant death was admitted, this testimony was improper and only tended to create sympathy in the minds of the jurors. The testimony on this subject was brief. There was no such violation of the rule as was criticised in *West v. Bayfield Mill Co.* 149 Wis. 145, 135 N. W. 478, and we do not consider that the reception of the evidence affords grounds for a new trial, especially in view of our conclusion that the damages should be reduced.

Numerous exceptions were taken to the instructions given to the jury and to the refusal to give those proposed by defendant's counsel. With one exception we think the instructions given were correct, and that those proffered by defendant's counsel were either given in substance or sufficiently covered by the charge prepared by the court. The exception relates to the following part of the charge relating to contributory negligence:

"If you are satisfied by the preponderance of credible evidence, *which the defendant is bound to produce,* that any want of ordinary care, however slight, on the part of Michael Thomas proximately contributed to cause the collision, . . ."

It is urged that some of the evidence relied on by defendant to establish contributory negligence was offered by plaintiff and that this was eliminated by the charge. The testimony referred to was that of the witness who testified of the turn to the left at the brick pile. An examination of this testimony satisfies us that it does not show or tend to show any contributory negligence on the part of the deceased. To the extent that all testimony as to contributory

negligence must be produced by the plaintiff this instruction was erroneous, but under the facts of the case it was not prejudicial.

It is one of the assignments of error that requests were made to have specific phases of negligence alleged in the complaint submitted to the jury and that the requests were refused. One question requested was whether defendant's employee was acting within the scope of his employment, and another was whether the driver negligently operated the truck toward the deceased. These were both submitted. Questions requested as to proximate cause and contributory negligence were also submitted. Another question requested was whether the driver of the auto truck operated the same at a speed greater than fifteen miles per hour, and this was not submitted for the reason that there was no testimony in the case requiring it, and counsel for both parties agree that the rate of speed did not exceed fifteen miles per hour. In this refusal there was no error.

The court also refused to submit this question: "Was James Larson a competent person to operate a truck on July 17, 1920?" As appears from the statement of facts in the former decision, Larson was the person temporarily driving the truck when the accident happened and while Finch was engaged in ascertaining what was the trouble with the operation of the machine. It was held in the former decision that Larson was an employee of defendant. The issue as to the scope of the employment was submitted to the jury, and under the circumstances the court properly held that it was immaterial whether he was a competent driver or not.

Although we hold that there was no prejudicial error in refusing the requests above mentioned, it is the view of the court that some attention should again be called to the importance of submitting to the jury all of the ultimate issues which are pleaded and litigated in the case.

There is evidently some uncertainty in the minds of the circuit judges of the state on this subject, and it must be confessed that the decisions of this court have somewhat contributed thereto. It would be a vain attempt to undertake to lay down any general rule which could be a guide of much value for determining the ultimate issues of fact in all cases, since the pleadings and issues raised are seldom alike. In long and hotly contested cases it is a task of no little difficulty to sift out and present in the form of a limited number of questions the ultimate issues of fact which should be passed upon by the jury. It is a difficulty which the profession and even appellate courts have not always appreciated. This court has recently held that in negligence cases each ground of negligence constitutes a distinct question and that proper practice requires the special verdict to be so framed as to indicate in what respect the jury agree in finding negligence, and that this cannot be accomplished by the submission of an omnibus question in which the jury is required to find generally upon the question of negligence. *Matuschka v. Murphy,* 173 Wis. 484, 180 N. W. 821.

The court adheres to this rule, although it may be inconsistent with some former decisions in which a different practice has been sometimes sustained.

It is claimed by appellant that the damages awarded were excessive. At the time of the death the boy was eleven years and eight months old. The plaintiff was fifty-four and a widower. He had a married daughter living in Chicago and a son eight years old who lived with her. Another son eighteen years old lived with the plaintiff, and after the death of Michael they lived together alone. The deceased was strong and healthy; he looked after the house; cooked, and washed dishes; did sewing in the evening; sold papers; worked in the garden; hired out in the fields at times, receiving between four and five dollars per week, and paid the money to the plaintiff. It was the

expectation that he would go to the high school and later fit himself to become a barber. The plaintiff had no property and was in debt.

This court in an opinion by Mr. Justice OWEN has just sustained a verdict for the sum of $1,000 for pecuniary benefits which parents might reasonably expect from a child after the age of twenty-one. *McGonegle v. Wis. G. & E. Co., ante,* p. 594, 190 N. W. 471. The child was of the age of two years and eight months. In that opinion some of the former decisions of this court bearing on the general subject are summarized, and it is not necessary now to review them nor to restate the basis on which damages may be awarded to parents under the statute.

In the case before us the damages include the pecuniary benefits to be received both before and after majority. The boy had already become able to render quite valuable service to the plaintiff, and the testimony showed that he was unusually intelligent, active, and helpful as compared with most boys of his age. There was more satisfactory evidence than in many cases of this character that there was reasonable certainty that the father would receive very material benefit from the services of the deceased.

What this benefit would be was necessarily largely in the discretion of the jury, but that is not an unlimited discretion. The sum of $4,807 we regard as excessive. We have concluded that a judgment in the sum of $3,000 would be proper under the facts proven, although it must be conceded that it is a larger sum than has generally been approved by this court in cases of this character.

*By the Court.*—Judgment appealed from is modified, as indicated in the opinion of the court, and as so modified is affirmed. Judgment to be entered in favor of the plaintiff for the said sum of three thousand dollars ($3,000), together with his costs in the circuit court and interest on said sum of $3,000 from the date of the verdict; appellant to recover his costs in this court.

ESCHWEILER, J. (*dissenting*).   In my judgment the facts presented upon the second trial of this case in the record now before us were substantially and materially different on the question of whether or not the defendant's driver was at the time of the accident within the scope of his employment.   There being such a substantial difference in the facts in the two trials, I cannot concur with so much of the opinion as declares that the former opinion in this case upon the state of facts there presented is binding and conclusive upon the same question here presented.

I am authorized to state that Mr. Chief Justice VINJE concurs in this dissent.