GRIFFIN, Appellant, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Respondent.

*November 13—December 9, 1924.*

*Street railways: Collision with automobile: Contributory negligence: Nonsuit: Effect: When law of the case on subsequent trials.*

1. Plaintiff brought an action in R. county against the defendant railway company to recover damages for injuries to his person and to his automobile, in which the court directed a nonsuit on the ground that plaintiff was guilty of contributory negligence, and on appeal the judgment entered on the nonsuit was affirmed. The evidence on a second trial in M. county being substantially the same as was presented on the trial in R. county, the first judgment, whether right or wrong, became the law of the case, and the action in M. county was properly dismissed. p. 255.
2. A motion for a nonsuit is equivalent to a demurrer to the evidence, and when granted the court concludes that there is not sufficient evidence to sustain a judgment and holds such evidence insufficient as a matter of law. p. 255.
3. Plaintiff, who without looking and without using any precaution whatsoever drove a heavily laden truck onto a streetcar track and placed himself in great danger with respect to an approaching car, is guilty of contributory negligence as a matter of law. p. 257.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Affirmed.*

The appeal is from a judgment reversing a judgment of the civil court of Milwaukee county entered in plaintiff's favor and dismissing plaintiff's complaint with costs.

For the appellant there was a brief by *Alexander &*

*Burke,* attorneys, and *Frank P. Burke,* of counsel, and oral argument by *Giles F. Clark,* all of Milwaukee.

For the respondent there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke,* and oral argument by *John L. Newman,* all of Milwaukee.

DOERFLER, J.   Prior to the action commenced in the civil court the plaintiff had prosecuted an action against the defendant in the circuit court for Racine county to recover damages for injuries to a truck and for personal injuries. In such action the court directed a nonsuit and judgment was thereupon entered accordingly, and the plaintiff then appealed to this court, where such judgment was affirmed by a divided court.   *Griffin v. Milwaukee E. R. & L. Co.* 176 Wis. 179, 185 N. W. 639.

It is first argued by the defendant that the decision of this court on the former appeal establishes the law of the case, and that the testimony in the civil court was substantially the same as that which appeared in the action prosecuted in the circuit court for Racine county, and that therefore the circuit court for Milwaukee county properly reversed the judgment of the civil court and ordered judgment for the defendant.

Fourteenth street runs east and west in the city of Racine, and in the block bounded on the east by Grand avenue and on the west by Center street has located thereon north of its center line a single street-car track, the north rail whereof is thirteen feet distant from the north curb of the street, and said track at the time of the collision herein referred to was, with the knowledge of the plaintiff, used by the defendant in the operation of its passenger cars both towards the east and the west.

On August 13, 1920, plaintiff was the owner of one three-and-one-half ton Packard truck, which truck was laden with iron castings so that the entire weight of both truck and castings amounted to about ten tons.   The day in

question was clear and bright, and while plaintiff was proceeding west at the rate of speed of about six miles per hour upon Fourteenth street between Grand avenue and Center street the north wheels of his truck were about two feet from the north curb, while the south wheels were a distance of about three feet from the north rail of the track, and, the truck having a right-hand drive, plaintiff was seated about six feet from such north rail. A Ford runabout with its top up, driven by one Osborne, had passed plaintiff's truck on the south and was first observed by the plaintiff after it had driven about twelve feet ahead of him, and at that time the Ford proceeded west at a rate of speed of about twelve miles per hour, with its front wheels straddling the north rail of the defendant's track.   When the Ford had thus proceeded and by its superior speed had gained about eight feet on the speed of the truck, and was about twenty feet west of it, the driver of the Ford suddenly diminished his speed, turned his car toward the northwest and proceeded to the north curb of Fourteenth street, stopping along such curb just east of the east intersection of Center street. When it became evident to the plaintiff that Osborne was about to leave the street-car track with his Ford and take the course above indicated, the plaintiff looked towards the east to ascertain whether a car was approaching from that direction, and, seeing none, looked towards the west to determine whether a car was coming from that direction, and his view down the track being obstructed by the presence and position of the Ford, and hearing no signal or noise of an approaching car, he immediately turned his truck to the south and onto the north rail of the track, and then, for the first time having a clear view towards the west, observed defendant's car approaching him at a distance of about eighty-five feet, at a rate of speed estimated by him at about thirty miles per hour.   The front south wheel of the truck had proceeded over the north rail a distance of about two feet when he immediately swerved his truck abruptly

towards the north to avoid a collision, but before the entire truck could clear the path of the oncoming car a collision resulted which practically demolished the truck.

The case was tried in the civil court before a jury, and a special verdict was returned in which all of the questions submitted were answered favorably to the plaintiff, the jury acquitting the plaintiff of contributory negligence. The negligence of the defendant was amply supported by the evidence, the principal basis for such negligence being the excessive speed of defendant's car, the rate of speed of street cars on the streets in the city of Racine having been limited by ordinance to fifteen miles per hour. Judgment being ordered and entered in plaintiff's favor in the civil court, the defendant appealed from the judgment to the circuit court, which reviewed the evidence certified up from the civil court, and upon such review reversed the judgment of the civil court upon the ground that the evidence adduced in the civil court was substantially the same as that which appeared in the action prosecuted in the circuit court for Racine county, where a judgment of nonsuit had been ordered and entered, and which judgment had, as above stated, been affirmed by this court on appeal.

We will first consider the issue involved upon which the circuit court for Milwaukee county reversed the judgment of the civil court. We have examined carefully the record of the evidence in the two courts in which the action had been tried, and we find that there is a striking similarity upon all material and substantial points between these two records. Plaintiff points out in his brief that the only difference between the evidence in the latter trial and the former one consists of the fact that in the latter it was made clear from actual measurements that at the time he started to turn his truck towards the track he was unable to obtain a view down the track, owing to the obstruction created by the Ford, and that from such measurements it appeared that he was unable to look over the Ford. On the

trial in the Racine circuit court, actual measurements were testified to of the distance between the seat and the pavement, but there was no actual measurement of the distance from the seat to plaintiff's line of vision. In other words, this latter distance was left as a matter of inference and estimate. However, on the first trial plaintiff took the unequivocal position that the Ford completely obstructed his view, and that this was the reason he could not look down the track. In the trial in the civil court the obstruction was testified to, but was fortified by actual measurements. It thus becomes clear that at each trial the same claim was made, which involved the question of whether or not there was a complete obstruction of the view. Such being shown by plaintiff's own evidence, we are forced to the conclusion that the evidence on both trials was substantially the same, and that being the case the circuit court for Milwaukee county properly reversed the judgment of the civil court.

The question is not now before us whether the action of the circuit court for Racine county in ordering a nonsuit was right or wrong. The judgment of such court having been affirmed by this court, such judgment becomes the law in the case. *Strehlau v. John Schroeder L. Co.* 152 Wis. 589, 142 N. W. 120; *Thomas v. Lockwood Oil Co.* 178 Wis. 599, 190 N. W. 559.

A motion for a nonsuit is equivalent to a demurrer to the evidence. When a general demurrer is sustained to a pleading, the court assumes that all of the allegations contained in the pleading to which the demurrer is interposed are true, but that such allegations in law are insufficient. Likewise, when a motion for a nonsuit is granted, the court concludes that there is not sufficient evidence to sustain a judgment, and holds such evidence insufficient as a matter of law. The two positions with respect to a general demurrer and a motion for a nonsuit, therefore, are identical from a legal standpoint. The motion for a nonsuit having been granted in the former trial, based upon the ground that

the plaintiff was guilty of contributory negligence as a matter of law, the same conclusion was therefore forced upon the circuit court for Milwaukee county, and that independent of whether the judgment in the former trial was right or wrong. *Strehlau v. John Schroeder L. Co.* 152 Wis. 589, 142 N. W. 120.

Independent of the ground which actuated the circuit court for Milwaukee county, we cannot well escape the conclusion that as a matter of law the plaintiff was guilty of contributory negligence. When he first discovered the Ford he was driving his truck upon the highway at a place thereon which would have prevented a collision. Just before and at the time Osborne started to swerve his car diagonally towards the northwest, plaintiff had a clear view of the track towards the west for a distance of five or six blocks. Assuming that in the interval consumed by the time that he first took his view towards the east Osborne then occupied a position which completely obscured plaintiff's view down the track towards the west beyond the Ford, the Ford was then twenty feet distant from his truck. He could have proceeded onward in his same course for about one second longer, and in the meantime the Ford would have passed a sufficient distance to remove the obstruction to his vision, and he could then have definitely ascertained the approach of defendant's car. The very fact that the Ford was about to leave the street-car track should have suggested to him the possibility of a car approaching from the west. Unable to obtain a proper view, he assumed a great risk in driving this heavily laden truck onto the street-car track. Had the street car then been in close proximity to the Ford, there would have been great danger to the truck and its occupant, even if the car were running at a legal rate of speed. The danger created was not merely limited to the truck of the plaintiff but also to defendant's car and the occupants thereof. A street car, unlike an automobile, cannot swerve to the right or left, but is confined in its operation to the track

itself. The maximum speed attainable by the truck was but twelve miles per hour. When plaintiff first observed the street car his truck was operated at the rate of about six miles per hour. Heavily laden as it was with a load of six and one-half tons of castings, and limited in its speed as aforesaid, the danger and risk under such circumstances were greater than that which would have confronted an ordinary automobile in the same position. It is undisputed that the first effective look that the plaintiff took was at a time when his south front wheel had already passed onto the north rail of the street-car track. Plaintiff, therefore, without dispute, placed himself in a position of great danger with respect to the oncoming car of the defendant without using any precaution whatsoever. Such failure constitutes negligence as a matter of law. *Vetter v. Southern Wis. R. Co.* 140 Wis. 296, 122 N. W. 731; *Cawley v. La Crosse City R. Co.* 101 Wis. 145, 77 N. W. 179; *Dahinden v. Milwaukee E. R. & L. Co.* 169 Wis. 1, 171 N. W. 669.

*By the Court.*—Judgment affirmed.