OSTERMANN, Respondent, vs. MILWAUKEE ELECTRIC RAIL-
WAY & LIGHT COMPANY, Appellant.

*February 10—March 10, 1931.*

124

For the appellant there was a brief by *Shaw, Muskat &*
*Sullivan* of Milwaukee, and oral argument by *Carl Muskat.*

For the respondent there was a brief by *Herman C. Runge*
and *Charles A. Copp,* both of Sheboygan, and oral argu-
ment by *Mr. Copp.*

ROSENBERRY, C. J. The principal contention of the de-
fendant is that the case is ruled by *Griffin v. Milwaukee E.*

*R. & L. Co.* 185 Wis. 251, 201 N. W. 254, and that upon the undisputed facts taken most favorably to the plaintiff, plaintiff is guilty of contributory negligence as a matter of law. If the evidence in this case established as an undisputed fact that the plaintiff knowingly went upon the right of way of the street railway company without making any effort whatever to ascertain whether or not a street car was approaching, the case would be ruled by the *Griffin Case.* In this case, however, the plaintiff testified and the jury had a right to believe that he did not intentionally go upon the track. It was a dark, snowy, misty night and the presence of the track was to some extent at least concealed by snow on the ground. He was engaged in ascertaining his relation to the cars and bus ahead of him. As he stopped, his car slipped, and before he could do anything to extricate himself he was struck. In the *Griffin Case* the driver of the truck had some warning at least from the fact that the car in front of him was turning off from the track. In an instant later the driver in the *Griffin Case* would have had a clear view of the street. It appeared without dispute that he took no precaution, made no effort to ascertain whether or not a car was approaching, and knowingly and intentionally turned upon the street-car track. While the facts in this case would sustain a finding by a jury that plaintiff was guilty of contributory negligence, it is considered that it cannot be said that the plaintiff is guilty of contributory negligence as a matter of law. Under the facts in this case it is a question for the jury.

In instructing the jury with respect to question 3, which related to the negligence of the plaintiff, the court gave the following as a part of the instruction:

"When a street car is operated reasonably, that is, with reasonable speed under existing conditions, and the motorman is exercising ordinary care to control the movements of the car, it then becomes the duty of an automobile driver

to use ordinary care to avoid placing his automobile in the path, of an approaching street car."

It is considered that this instruction is erroneous. It informs the jury that the duty of an automobile driver to use ordinary care is dependent upon the careful operation of the street car. It has been held many times that persons upon the street must exercise ordinary care under the circumstances then present, and that a person cannot assume that a street car is being carefully operated when it is obvious to a casual observer that it is not being so operated. This case is a very close one upon the facts, and the jury very well may have understood from the instruction as given that, having found that the car was negligently operated, plaintiff was under no duty to exercise ordinary care.

The giving of the following instruction was also assigned as error:

"Now, something was said to you in the argument by counsel that the law prevented the motorman from displaying a brighter light. The court does not know of any such law, and if there should be an ordinance of the city of Sheboygan on that, that ordinance was not introduced in evidence in this case, so you must disregard any remark made to you that the law prevented a brighter light from being displayed on that car."

The examination of the record discloses that the only testimony with reference to the existence of a law or ordinance was given by Joseph Schnur, a policeman, who testified that it was the rule that all lights are to be turned down inside the city. This testimony came in without objection. Whether the witness referred to the rule of the company, a rule established by ordinance, or in some other way, does not appear. Under such circumstances it cannot be said that the giving of the instruction constituted error. The case is a close one not only as to contributory negligence of the plaintiff but as to the negligence of the defendant.

It is considered that the erroneous instruction must under the circumstances have been prejudicial to the defendant. The case must therefore be reversed and a new trial had upon all the issues.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.