WILLIAMS, Administratrix, Appellant, vs. MONROE COUNTY and others, Respondents.

*September 10—October 6, 1953.*

For the appellant there was a brief by *N. George De Dakis,* attorney, and *Carrol J. Weigel* of counsel, both of La Crosse, and oral argument by *Mr. De Dakis.*

For the respondents there was a brief by *Hale, Skemp, Nietsch, Hanson & Schnurrer* of La Crosse, and oral argument by *Thomas H. Skemp.*

MARTIN, J.   It is necessary to examine the record in the light of the trial court's finding that there was no causal negligence on the part of Carl Schedler; that the deceased was negligent with respect to placing himself in a position of danger; and that deceased's negligence was as great as that of the defendants.

The facts with respect to Williams are these.  He was standing in the ditch along the highway nine feet from the concrete, approximately at the outer edge of the shoulder, and about two feet from the stalled trailer.  He and the other two men had been shoveling at about that point for more than an hour.  As the trial court stated in its memorandum decision, he knew the icy condition of the highway, the

weather and conditions as to visibility; he knew the position of the trailer and he must have known that the sand truck was about to return.

With respect to Schedler's operation of the truck, the record shows that the truck was overloaded, its capacity being one and one-half tons and its load at the time of the accident being estimated at as great as six tons. By his own testimony, he drove the truck partly off the concrete; that he knew of the slippery and sloping condition of the shoulder; that he intended to stop at the rear of the cab, to put sand under the wheels, with about four or five feet clearance between the tractor and his truck, but that he gave no warning of that intention to the men whom he saw standing at the side of the trailer; that at the moment he intended to stop he realized the truck was skidding and he then disengaged his clutch and put on his brakes. From this evidence the jury might well have inferred causal negligence on the part of Schedler.

On the facts in this record we cannot conclude that the position of the deceased was an obvious place of danger. It did not become a place of danger until Schedler's operation of his truck made it dangerous. Williams was under no duty to anticipate that the truck driver would, without warning, attempt to come as close as four or five feet on a slippery, sloping shoulder, or that he might not use ordinary care in braking his truck, or that the truck would be greatly overloaded. There is a presumption that the deceased exercised due care for his own safety and we cannot say that the evidence presented in this record overcomes that presumption.

In our opinion the trial court erred in granting the motion for a directed verdict.

*By the Court.*—Judgment reversed and cause remanded for a new trial.

FRITZ, C. J., dissents.