WILLIAMS, Administratrix, Respondent, vs. MONROE COUNTY and others, Appellants.*

*November 7—December 6, 1955.*

For the appellants there were briefs by *Hale, Skemp, Nietsch, Hanson & Schnurrer* of La Crosse, and oral argument by *Thomas H. Skemp*.

For the respondent there was a brief by *Weigel & De Dakis* of La Crosse, and oral argument by *N. George De Dakis*.

GEHL, J.   This is an appeal from a judgment entered on February 7, 1955, in favor of the plaintiff and against the

* Motion for rehearing denied, with $25 costs, on February 7, 1956.

defendants. The case has been in this court before. It came here on an appeal by the plaintiff from a judgment dismissing the complaint following the direction of a verdict for the defendants. The facts appear in the report of the former appeal, *Williams v. Monroe County* (1953), 265 Wis. 10, 60 N. W. (2d) 358, and need not be repeated here. We said upon the former appeal that there was evidence which might have been believed by the jury sufficient to support a finding of negligence upon the part of the defendant Schedler. That decision became a rule of law governing the parties at all stages of the litigation and is binding upon us. *Euting v. Chicago & N. W. R. Co.* (1904), 120 Wis. 651, 98 N. W. 944. If the evidence on the second trial is substantially the same as that produced upon the first, there can be no question on the merits of the case on this appeal. *Meinzer v. Racine* (1889), 74 Wis. 166, 42 N. W. 230.

". . . when this court reverses a judgment for defendant on a nonsuit or directed verdict and holds that there was sufficient evidence to go to the jury, that holding, whether right or wrong, becomes the law of the case upon the same, or substantially the same, state of facts." *Strehlau v. John Schroeder Lumber Co.* (1913), 152 Wis. 589, 592, 142 N. W. 120.

A study of the record in this case and the appendix upon the former appeal discloses that the evidence upon the first trial was substantially the same as upon the second. In fact, defendants refer us to no alleged variance except in two respects. They refer to the testimony at the second trial of Mr. Schedler, the driver of the colliding truck, that he did not use the brake of the truck. When his attention was called to his testimony given at the first trial, that he had his foot on the brake, he explained that he might have had his foot on the brake but did not use it. If it may be considered that there was a variance in the testimony as to that circumstance, it cannot be said to have been substantial.

Defendants also refer to the fact that upon the second trial they produced an expert who testified that the normal capacity of the truck driven by Schedler was 9,000 pounds, and that, therefore, we were in error in stating that it was overloaded. Defendants misconstrue our statement. We were not discussing the capacity of the truck. The jury was not necessarily to be concerned with its capacity. The question was whether, under the circumstances then existing, and regardless of the weight which it would bear and transport, the truck was overloaded to the extent that that circumstance created or added to an existing hazard. The testimony of the expert presented no substantial variance in the testimony.

By its answers to the questions of a special verdict, the jury found defendant Schedler guilty of causal negligence. There was no occasion to submit to the jury any inquiry as to the conduct of the plaintiff because we held on the first appeal that the evidence presented did not overcome the presumption that the deceased exercised due care for his own safety. The testimony bearing upon his conduct and given at the second trial is no different than that adduced at the first trial.

The judgment must, therefore, be affirmed unless the court erred in refusing to instruct the jury, as requested by the defendants, as follows:

"You are instructed that the mere skidding of a car in itself is not proof of negligence. Skidding may occur without fault, and when it does occur, it may likewise continue without fault. Skidding means partial or complete loss of control of a car under circumstances not necessarily implying negligence. It is a well-known physical fact that cars may skid on ice without fault either on account of the manner of handling the car, or on account of its being there. No negligence, as a matter of law, can be charged to the fact that the Monroe county truck was operated on Highway 16 on a snowy and slippery roadway. Negligence can be charged

to the defendant Carl Schedler for operating his truck in the manner that he did by establishing that he did something in the operation of his truck which showed that he did not use ordinary care. Carl Schedler was bound to exercise that degree of care which an ordinarily prudent truck driver would have exercised under the same or similar circumstances. It is only negligence on the part of Carl Schedler if he did some act or failed to use some precaution which an ordinarily prudent person would have exercised under the same or similar circumstances."

If the truck driven by Schedler struck the deceased because of skidding, the skidding took place because Schedler directed it into a position where the skid was inevitable. He was aware that the shoulder of the road declined to the ditch and was covered with ice, as was the entire surface of the highway at the site of the accident and for a considerable distance in each direction therefrom. He brought the truck to its position upon the slippery shoulder, and to a place where he should have anticipated that it would skid toward the deceased. It was his negligence in the control of the truck which brought it to a position of imminent danger. We do not believe that the court erred to the prejudice of defendants by its refusal to instruct the jury as requested.

The plaintiff has made a motion to review which is based upon her claim that the award of damages is inadequate. We do not consider that the award of the jury may be disturbed by us. The record does not disclose inadequacy.

*By the Court.*—Judgment affirmed.