OLSON, Administrator, Plaintiff and Respondent, vs. MIL-
WAUKEE AUTOMOBILE INSURANCE COMPANY and an-
other, Defendants and Respondents: GERDEN and
another, d/b/a GERDEN TRUCKING COMPANY, and
another, Defendants and Appellants. [Two cases.]

*March 5—April 9, 1957.*

For the appellants Robert Voshell and Gerden Trucking Company there was a brief by *Engelhard, Snodgrass & Goerdt* of La Crosse, and oral argument by *Lawrence M. Engelhard*.

For the respondents there was a brief by *Donovan, Gleiss, Goodman, Breitenfield & Gleiss* of Sparta, for Melvin E. Olson, administrator, and by *Hale, Skemp, Hanson & Schnurrer* of La Crosse, for Blaine Welch and the Milwaukee Automobile Insurance Company, and oral argument by *William M. Gleiss* and *Thomas H. Skemp*.

STEINLE, J. On this appeal the defendants-appellants, Wilfred and Wilmer Gerden d/b/a Gerden Trucking Company and Robert M. Voshell apply for reversal of the judgments, and for a new trial limited to the issue of contribution under the cross complaints. Their position is based on grounds that (1) the evidence is insufficient to sustain the findings that Voshell was causally negligent with respect to speed and as to management and control, and (2) the court erred in permitting counsel for plaintiff Olson to participate in the retrial of the issues, such retrial having been directed by this court in its mandate on the former appeal.

Counsel for these defendants-appellants on the former appeal had urged that this court find as a matter of law that upon the evidence of record, Voshell was not guilty of causal negligence. We did not agree with such contention and expressed our views with respect thereto in the opinion as reported. The evidence at the second trial was substantially the same as that produced at the original trial regarding the issue of causal negligence on the part of Voshell, and hence there can be no question as to the merits of such matter on this appeal. *Williams v. Monroe County* (1955), 271 Wis. 243, 244, 73 N. W. (2d) 501. At the retrial it was for the jury to determine whether Voshell's rate of speed under the unusual conditions prevailing both before and after the tractor-trailer unit entered the ditch, was excessive; and also whether the operation of the unit by Voshell under the circumstances was in violation of his

duty to exercise ordinary care regarding management and control. The trial court was of the opinion that the findings of the jury were substantiated by credible evidence, and from our analysis of the evidence, we are not able to arrive at a contrary conclusion.

In the original mandate on the former appeal, this court directed a new trial only upon the issues raised by the cross complaints of the defendants. Upon rehearing that mandate was changed for reasons indicated in our memorandum opinion, and the cause was remanded for a new trial only upon the issues as to the causal negligence of Voshell. We were not aware then, as it now appears, that the coverage of the Milwaukee Automobile Insurance Company's liability policy on the automobile owned and driven by Blaine Welch was limited to an amount of $10,000 as to the plaintiff Olson's claims. At the commencement of the retrial the court was advised that Welch's carrier had paid to the plaintiff Olson the sum of $10,000, which represented the maximum limit of the policy in so far as it affected one person, and that there was still due under the judgments against Welch and his carrier the sum of $2,050.20. Counsel for plaintiff Olson maintained that he was entitled to participate in the retrial for the reason that Olson's complaints had alleged causes of action against Voshell and the Gerdens d/b/a Gerden Trucking Company, as well as against Welch and his carrier, and that Olson was not to be precluded from attempting to establish causal negligence on Voshell's part, and if such attempt was successful, to obtain a judgment against Voshell and his employer for the balance due Olson. The court was also advised that the judgment of the plaintiff, Eugene Schaller, which amounted to less than $10,000, had been paid in full by the defendant Welch's carrier, Milwaukee Automobile Insurance Company. Voshell and his employer contended that the plaintiffs, Olson and Schaller, had their

day in court and were not entitled to further representation in the retrial with reference to the issue of Voshell's causal negligence. As to the Schaller judgment, the trial court ruled that since the Milwaukee Automobile Insurance Company, on behalf of Welch, had paid the judgment to Schaller in full, Schaller no longer had an interest in the case, and that the only remaining consideration was the matter of contribution in the event that Voshell's causal negligence was established. As to the Olson actions, the trial court ruled that the plaintiff Olson had a right to appear by counsel as a plaintiff at the retrial for the reason that he had not been paid in full, and that he had originally sued the defendants Welch and his carrier and Voshell and his employer, claiming negligence on the part of the drivers, Voshell and Welch. The court pointed out that had no error been committed at the original trial with respect to the instructions of the court to the jury, the plaintiff Olson would have been entitled to have judgments entered against all of the defendants, and that Olson's right to attempt to establish causal negligence on Voshell's part could not be and was not defeated by the action of this court in remanding the causes for a determination of Voshell's causal negligence. The court at the time was also of the view that if causal negligence on the part of Voshell was established, then judgment would be entered against all of the defendants, with the exception of the Milwaukee Automobile Insurance Company which had discharged its obligations; and that a right of contribution would exist between the respective defendants.

The court permitted counsel for plaintiff Olson to actively participate in the retrial of the cases. The jury found that Voshell was causally negligent as to speed and as to management and control, and the trial court determined that such findings were sustained by the evidence. The judgment ordered by the court in favor of plaintiff Olson against the defendants Voshell and the Gerdens d/b/a Gerden Trucking

Company and Blaine Welch in the sum of $2,050.20 was based upon the amount of the two original judgments in said plaintiff's favor, viz.: $12,050.20 with a deduction of $10,000 paid to Olson by Milwaukee Automobile Insurance Company. The court directed that upon the filing of proof that Voshell and the Gerdens d/b/a Gerden Trucking Company had paid the amount of this judgment to the plaintiff Olson, then a supplementary judgment for such contribution was to be entered against the defendant Welch in favor of Voshell and the Gerdens d/b/a Gerden Trucking Company, or either of them, for one half of the amount of such sum paid in excess of any sum paid by Welch. In the actions commenced by Olson, judgment was also entered in favor of Milwaukee Automobile Insurance Company and against Voshell and the Gerdens d/b/a Gerden Trucking Company for $5,189.06. This sum represented one half of the amount of damages and costs paid to Olson by Milwaukee Automobile Insurance Company. In the action commenced by the plaintiff Schaller, judgment was entered in favor of Milwaukee Automobile Insurance Company against Voshell and the Gerdens d/b/a Gerden Trucking Company for $4,296.98. This sum represented one half of the amount of Schaller's judgment,—the full amount representing damages and costs in the sum of $8,593.96 which was paid to Schaller by the Milwaukee Automobile Insurance Company.

The modified mandate on the former appeal did not restrict the court at the retrial to a consideration only of matters pertaining to contribution by the defendants. When confronted with the motion to bar counsel for plaintiff Olson from participating in the retrial, the trial court properly considered the effect of a possible finding at the retrial of causal negligence on Voshell's part as the same would relate to Olson's claims in the actions which were left undetermined when this court upon the first appeal set aside the finding of Voshell's causal negligence. Such consideration was not

outside the purview of the modified mandate. Olson's complaints had charged causal negligence on Voshell's part. When the finding to such effect was set aside on the first appeal, Olson did not forfeit his right to have that issue adjudicated at the retrial, nor could he properly be deprived of such right. Olson's right in such regard was not altered by virtue of the existence of the issues as between the defendants only. For the reason particularly that Olson had not been paid in full for the damages which he claimed resulted from Voshell's negligence as well as Welch's negligence, he would have been seriously prejudiced had he been precluded from protecting the interests asserted in his complaints. The permission to Olson's counsel to participate in the retrial of the issue of Voshell's causal negligence, was not error under the circumstances.

*By the Court.*—Judgments affirmed.

CURRIE, J. (*dissenting in part*). I cannot agree that under our mandate on the former appeal (*Olson v. Milwaukee Automobile Ins. Co.* 266 Wis. 106, 62 N. W. (2d) 549, 63 N. W. (2d) 740), the plaintiff Olson had any right to participate in the second trial or to seek any relief therein against the appellants.

We concluded upon the first appeal that both plaintiffs had valid judgments against the defendant Welch and his insurance carrier for the full amount of their damages and, therefore, that it would be unfair to delay their realization upon such judgments by making the plaintiffs parties to the second trial. For that reason the original mandate provided *"for a new trial only upon the issues raised by the cross complaints of the defendants."* The plaintiffs filed no motion for rehearing or to correct the mandate, apparently being satisfied at that time with such disposition of the appeal.

However, the defendant Voshell and his insurance carrier moved for a rehearing. In their brief in support of such

motion they pointed out that the cross complaint of the defendant Welch sought recovery of damages against Voshell and his employers for the damages to Welch's automobile and it would be unfair to permit Welch to again litigate such cause of action inasmuch as he had not appealed from the judgment which had dismissed such cross complaint. Our memorandum opinion, rendered in disposing of such motion for rehearing, recognized the justice of such contention and provided for the amendment of the mandate so as to confine the new trial to the issue of Voshell's negligence.

It is clear that the amended mandate was not entered for the purpose of enlarging the scope of the issues to be tried in the new trial but rather in order to narrow the same and eliminate Welch's cross complaint. Nevertheless, the trial court at the new trial erroneously construed the amended mandate as having enlarged the scope of the issues to be retried so as to permit the plaintiff to come in and secure a judgment against Voshell and his employers.

The fact that this court, in view of the new fact brought to light on this appeal that Welch's insurance policy contained a policy limit which prevented full recovery of the plaintiffs' judgment against the Insurance Company, may have made a mistake in its mandate did not accord the trial court the right to correct the same. Only this court upon timely motion could have done that.

For this reason, the judgment in favor of the plaintiff Olson against Voshell and his employers should be reversed.