WENDELL LEVY, plaintiff in error, *vs.* LUCILLE C. SIMMONS, defendant in error.

Where the evidence of the plaintiff in the action, is insufficient, in law, to entitle him to recover, the defendant may demur thereto, and demand of the Court a judgment of non-suit; but, if the demurrer to the evidence is overruled by the Court, then the defendant, according to the long and well settled practice of the Courts of this State, may go before the jury and contest the plaintiff's right to recover, by the introduction of evidence in his own favor.    The overruling the defendant's demurrer to the plaintiff's evidence has never been held by the

Courts of this State, since the adoption of the Judiciary Act of 1799, to be *conclusive* as to the plaintiff's right to recover the money or property sued for.

Trover. Non-suit. Demurrer. Practice. Before Judge JOHNSON. Taylor Superior Court, October Term, 1870.

This was trover for a horse, by Simmons, against Levy. The pleas were the general issue, and that Levy had bought the horse from Simmons' agent. At the trial, there was no contest as to demand, or as to the value of the horse, nor as to plaintiff's having owned the horse. But the whole dispute was as to whether Levy had bought the horse from plaintiff. It was shown, by three witnesses, that one Davis had the horse; Levy agreed to buy it, at $200 00, to be paid in a few days; that he was to leave the money with one Sharp for plaintiff, and then go to Davis and get the horse; that he did not pay the money, but went to Davis, who had no authority to sell or swap the horse, and with him swapped another horse for plaintiff's; that Davis was insolvent, Levy knew it, and had been expressly told not to pay the money to Davis, and plaintiff never received any part of said $200 00, or other pay, for her horse.

Here the plaintiff closed. Defendant moved for a nonsuit, but it was refused. And thereupon defendant demurred to the evidence of plaintiff, which demurrer was joined in by plaintiff, and the Court, then and there, gave judgment for the plaintiff. The Court then referred said case to the jury to ascertain plaintiff's damages. And thereupon defendant offered to prove, before the Court and jury, that the horse was defendant's. The Court refused to allow this evidence, remarking that the judgment on the demurrer concluded defendant, and that he would allow no proof, except as to the amount of damages which plaintiff had sustained. Plaintiff had a verdict for the value of the horse and hire.

The refusal of the non-suit and refusal to hear defendant's evidence as to his title, after judgment on the demurrer, are assigned as error.

Levy *vs.* Simmons.

HOLSEY & COLBERT; M. BLANDFORD, for plaintiff in error.

WALLACE & ROSS; R. J. MOSES, for defendant, cited, as to the demurrer: 3 Blackstone's Com., 372. And said joinder in demurrer was agreeing to leave the matter to the Judge: 13th Ga. R., 159, 229; 29th Georgia Reports, 696; Dudley, 209.

WARNER, J.

This was an action brought to recover the possession of a horse, and upon the trial thereof, after the plaintiff had closed his evidence, the defendant made a motion for a non-suit, which the Court overruled, and the defendant excepted. The defendant then demurred to the plaintiff's evidence, and there was a joinder in the demurrer by the plaintiff, and the Court, upon the hearing thereof, gave judgment for the plaintiff, to which the defendant excepted. The Court then referred the case to the jury to ascertain the plaintiff's damages, and thereupon the defendant offered to prove, before the Court and jury, that the horse in controversy was the property of the defenant, which the Court refused to allow him to do, on the ground, that he was. *concluded* by the judgment on the demurrer, and said that no proof would be allowed before the jury, except as to the amount of damages the plaintiff had sustained. Whereupon, the defendant excepted. The motion for a non-suit was properly overruled by the Court, as there was sufficient evidence of the plaintiff's legal right to recover the horse to be submitted to the jury, but if there had been no evidence which, in law, would have entitled the plaintiff to recover, then the non-suit should have been allowed by the Court.

A demurrer to evidence is not special pleading. Under the provisions of the common law, and the practice of the Courts in England, when the defendant demurred to the

whole evidence, and the Court overruled the demurrer, the judgment of the Court on the legal right of the plaintiff to recover the property sued for, was conclusive on that point, and the defendant could not contest the legal right of the plaintiff to recover before the jury. But in this State, a different rule has prevailed ever since the enactment of the Judiciary Act of 1799. The practice in the Courts of this State has uniformly been, whenever the plaintiff's evidence was considered by the defendant to be insufficient, in law, to entitle him to recover, to demur thereto, and to move the Court for a non-suit; and if, in the opinion of the Court, there was any evidence which ought, properly, to be submitted to the jury for their consideration, to overrule the demurrer, and refuse the motion for non-suit. But the overruling the demurrer to the evidence and refusing the motion for a non-suit has never been held to *conclude* the defendant from going before the jury and insisting upon his rights there, as he might be enabled to establish the same by evidence which he might introduce for that purpose. In other words, overruling the motion for a non-suit upon a demurrer to the plaintiff's evidence, has never been held by the Courts of this State as *conclusive* upon the right claimed, so as to prevent the defendant from contesting it by evidence before the jury. The contemporaneous construction given to the Judiciary Act of 1799, by the Courts of this State, has uniformly been, that when the plaintiff made out a *prima facie* case by his evidence, he was entitled to go before the jury, and to have them decide upon that evidence, and that, although defendant may have demurred to that evidence as being insufficient, in law, to entitle the plaintiff to recover, and moved the Court to non-suit the plaintiff in consequence thereof, the overruling the defendant's motion would not have the effect to *conclude* the defendant from going before the jury and contesting the legal right of the plaintiff to recover by the introduction of evidence, in his behalf, for that purpose. This practice has been so long recognized, and so

thoroughly established by the decisions of the Courts of this State, that we are unwilling to disturb it, and we, therefore, reverse the judgment of the Court below in this case.

Judgment reversed.