GUMMER VS. THE TRUSTEES OF THE VILLAGE OF OMRO.

*September 22— October 12, 1880.*

*(1) Compulsory nonsuit no bar.   (2) Judgment held to be one of  nonsuit.*

1. A judgment of nonsuit, voluntary or *involuntary*, is no bar to another
   action for the same cause.
2. At the close of plaintiff's evidence, the court granted defendant's motion
   for judgment of nonsuit.  The judgment entered by the clerk recited
   that, the allegations and proofs on plaintiff's part having been heard and
   considered, and the judge "having directed the complaint to be dis-
   missed, and judgment rendered for defendant," it was adjudged on
   motion of defendant's attorneys that defendant recover of plaintiff a sum
   named for costs and disbursements in the action.  *Held*, that this, not-
   withstanding its unusual form, is in effect a judgment of nonsuit and for
   costs against plaintiff, and no bar to another action.

APPEAL from the Circuit Court for *Outagamie* County.
Plaintiff appealed from an order.  The case is stated in the
opinion; and the form of the judgment therein referred to is
sufficiently stated in the second proposition of the syllabus,
*supra.*

For the appellant there was a brief by *Finch & Barber*,
and oral argument by *Mr. Barber.*  They contended, 1. That
at common law a nonsuit was entered if plaintiff neglected to
bring on the issues to be tried, or if, his case being before the
court for trial, he neglected to appear, or to produce evidence
on which the jury could find a verdict; that in all these cases
a nonsuit was involuntary; that the plaintiff, however, could
in all cases bring about a nonsuit by failing to appear when
the verdict was to be entered (since that could not be entered
in his absence); that the courts, therefore, afterwards gave him
the right to take a nonsuit without the fact or fiction of his
absence; and that whether the nonsuit was voluntary or invol-
untary, the entry was the same, and the judgment against him
was no bar.  7 Bac. Ab., 22, 214, " Nonsuit;" Tidd's Pr.,

917; Bouv. Dic., "Nonsuit;" 3 Bl. Com., 376; *Haskell v. Whitney*, 12 Mass., 47; *McNaughton's Ex'rs v. Moseley*, 1 Hayw. (N. C.), 331.  2. That under the modern practice, also, there is no difference between a voluntary and involuntary nonsuit, in respect to either the form of the judgment or its legal effect.  2 Whitt. Pr., 3d ed., 357; 3 Wait's Pr., 156. 3. That a nonsuit is not a bar.  7 Bac. Ab., 215–221; Big. on Estop., 123; Freeman on Judgm., § 260; 3 Wait's Pr., 163; Whitt., *ubi supra; Homer v. Brown*, 16 How., U. S., 354; *Ensign v. Bartholomew*, 1 Met., 274; *Knox v. Waldoborough*, 5 Greenl., 185; *Inh. of Jay v. Inh. of Carthage*, 48 Me., 353; *Audubon v. Excelsior Ins. Co.*, 27 N. Y., 216; *Coit v. Beard*, 33 Barb., 357; *Dexter v. Clark*, 35 id., 271; *Scott v. Elmendorf*, 12 Johns., 317; *Morgan v. Bliss*, 2 Mass., 111; *Bridge v. Sumner*, 1 Pick., 371.  The question seems to have been settled in this state.  *McFarlane v. Cushman*, 21 Wis., 401; *Wis. Riv. L. Co. v. Plumer*, 49 id., 666.  4. That the former judgment here in question was one of nonsuit.  3 Wait's Pr., 163; *Coit v. Beard, supra.*

The cause was submitted for the respondent on the brief of *Moses Hooper:*

The former judgment was properly held to be a bar. Though it followed what was called a motion for a nonsuit, it was a judgment dismissing the complaint.  It was more like the dismissal of a bill in equity for want of sufficient proofs, which has always been held to bar a subsequent action unless specified to be without prejudice (Story's Eq. Jur., § 1523; 1 Daniell's Ch. Pr., 659; *Cochran v. Couper*, 2 Del. Ch., 27), than like the judgment of nonsuit referred to in the older authorities.  Of the older cases which state that a "judgment of nonsuit" is no bar to a subsequent action, most were decided under a practice which did not permit a nonsuit against an unwilling plaintiff.  *Baxter v. Payne*, 1 Pin., 501; *Pyne v. Van Bergen*, id., 533; *Elmore v. Grymes*, 1 Pet., 469; *Crane v. Morris*, 6 id., 598; *Mitchell v. Ins. Co.*, 6 Pick.; 117; *Cart-*

*wright v. Bate*, 1 Allen, 514, 515; *Wilkinson v. Scott*, 17 Mass., 249, 257–8; *Marshall v. Merritt*, 97 id., 516, 517; *Pratt v. Hull*, 13 Johns., 334; *Irving v. Taggart*, 1 S. & R., 360; *French v. Smith*, 4 Vt., 363; *Booe v. Davis*, 5 Blackf., 115; *Williams v. Port*, 9 Ind., 551; *Cahill v. Kalamazoo Ins. Co.*, 2 Douglass (Mich.), 124, 133; *Hill v. Rucker*, 14 Ark., 706; *Winston v. Miller*, 12 Sm. & Marsh., 550; *N. R. R. Co. v. Button Co.*, 24 Conn. 468; *Poleman v. Johnson*, 84 Ill., 269, based on statute of Illinois. Decisions of the character described have no application to this case. Here there was a decision by the court *upon the merits*, that the proofs which plaintiff produced did not entitle him to judgment. There was no failure of formal proofs, no technical omission. Plaintiff insisted that his proofs were sufficient, rested his case on them, and even appealed from a judgment declaring them insufficient. This brings the case within the maxims, *Nemo debet bis vexari pro una et eadem causa*, and *Res judicata pro veritate accipitur*. In case of voluntary nonsuit nothing is adjudicated, and defendant is not once vexed, because the complaint is withdrawn by leave of the court; but here it is otherwise. See Broom's Leg. Max., 329, 331; *Kilheffer v. Herr*, 17 S. & R., 319. Under modern practice the power of a judge to nonsuit or to dismiss the complaint for failure of proofs has been greatly extended. He may nonsuit, not only for the insufficiency of plaintiff's own evidence, but for the inadequacy of his proofs to stand against those of the defendant. *Cutler v. Hurlbut*, 29 Wis., 152, 165; *Hœflinger v. Stafford*, 38 id., 391; *Davis v. Hardy*, 6 B. & C., 225; *Fort v. Collins*, 21 Wend., 109; *Jansen v. Acker*, 23 id., 480; *Rudd v. Davis*, 3 Hill, 287; *S. C.*, 7 id., 529; *Lomer v. Meeker*, 25 N. Y., 361–2; *Cooper v. Waldron*, 50 Me., 80, 81, 82; *White v. Bradley*, 66 id., 254, 256; *Partlow v. Elliott*, 1 Meigs, 547. In fact, nonsuit has taken the place of demurrer to evidence and to instruction to find for defendant. *Pleasants v. Fant*, 22 Wall., 116, 120–22; *Improvement Co. v. Munson*,

14 id., 448; *Parks v. Ross*, 11 How., 362, 373; *Ryder v. Wombwell*, L. R., 4 Ex., 33; *Pawling v. U. S.*, 4 Cranch, 219, 221–2; *Bank of U. S. v. Smith*, 11 Wheat., 171, 179; *Gray v. McNeal*, 12 Ga., 424. It will not do to hold now that no judgment of nonsuit, or judgment dismissing the complaint for insufficiency of proofs, is a bar to a subsequent action for the same cause. In some cases a distinction has been taken between a nonsuit (so called) upon the merits, and a voluntary nonsuit or nonsuit on technical grounds, and those of the former class are in all such cases held a bar. *Wis. Riv. L. Co. v. Plumer*, 49 Wis., 666; *Schmidt v. Zahensdorf*, 30 Iowa, 498; *Jay v. Almy*, 1 Woodb. & M., 262; *Greely v. Smith*, id., 181; *Greely v. Smith*, 3 id., 236; *Gillilan v. Spratt*, 8 Abb. Pr., N. S., 13; 1 Clifford, 245, 432; 5 Bacon's Abr., 6th ed., p. 140; *Gould v. Crawford*, 2 Pa. St., 89. Other authorities hold that a dismissal of the complaint or counterclaim for want of proofs is a bar, whether the dismissal be called a nonsuit or not, when the decision is on the merits, with no saving clause in the judgment. *Schmidt v. Zahensdorf*, 30 Iowa, 498; *Sullivan v. Brewster*, 1 E. D. Smith, 681; *Hunt v. Terril's Heirs*, 7 J. J. Marsh., 67; *Wis. Riv. L. Co. v. Plumer*, 49 Wis., 666.

ORTON, J. This is an appeal from an order of the circuit court overruling a demurrer to the second defense stated in the answer. This defense sets up a judgment of nonsuit in a former action between the same parties, and for the same cause of action, in bar of this suit. The statement in the answer of the proceedings in the former action, any further than that the nonsuit was granted by the court, on the trial without a jury, after the plaintiff had closed his evidence, on motion of the defendant, need not be recited, because it does not change the effect of the judgment. Nor does the peculiar and unusual form of the judgment, as entered by the clerk, upon sustaining the motion of the defendant for a non-

suit, change its effect. It is, in effect, a judgment of nonsuit and for costs, against the plaintiff, on the case made by him, on the motion of the defendant. On such a motion the court must necessarily consider and pass upon the legal effect of the evidence introduced by the plaintiff, and the formal entry of the judgment by the clerk, dismissing the complaint and for costs against the defendant, does not affect the question.

The only question, then, presented by this appeal is, whether that judgment is a bar to the present suit. It is not contended by the learned counsel of the respondent that a voluntary nonsuit bars another action, but only that an involuntary nonsuit, so granted on the motion of the defendant, has that effect. The practice of granting such a nonsuit is an old one even in England, where the evidence of the plaintiff is insufficient to entitle him to a verdict, and where a judgment for the plaintiff upon it would be arrested. *Sadler v. Robins,* 1 Campb., 256. And such a practice has been followed in this country in nearly all of the states. It is significant that no case in point has been found, upon a quite extended examination of the reports, in which it has been directly held that such a nonsuit is a bar. In some cases it has been held that the practice of granting such a nonsuit on motion of the defendant is analogous to a demurrer to the evidence, where judgment upon such a demurrer is not final as at common law, but where, after such a demurrer has been overruled, the defendant may, notwithstanding, proceed with his defense. *Smyth v. Craig,* 3 Watts & Serg., 18; *Bevan v. Ins. Co.,* 9 Watts & Serg., 187; *Levy v. Simmons,* 42 Ga., 53. In these cases the demurrer to the evidence was treated as a motion for a nonsuit. If the overruling of such a demurrer is not conclusive upon the defendant, it would seem that sustaining it ought not to be conclusive upon the plaintiff to bar him of another suit.

But, in whatsoever manner or by whatsoever analogy this practice may have obtained, the effect of such a nonsuit seems to be precisely the same as that of a nonsuit asked, taken or

submitted to by the plaintiff, or that of a voluntary nonsuit, so called; and it makes no difference whether the form of such a judgment be the dismissal of the suit or of the complaint. *Bond v. McNider*, 3 Ired. Law, 440. In that case the entry was, "dismissed at defendant's cost." The court held that it was in effect a nonsuit, and no bar to another action.

In *McKinney v. Finch*, 1 Scam., 152, a justice of the peace dismissed the suit for insufficiency of proof; it was held in effect a nonsuit and no bar. In *Elwell v. McQueen*, 10 Wend., 519, the court uses the following language: "A justice, at the trial, has a right to nonsuit the plaintiff, if, in his judgment, he fails upon his own showing to make out his case, either on the ground of the incompetency or the *insufficiency* of his evidence, and a judgment of nonsuit in such a case is no bar to another action for the same cause." To the same effect are *Coit v. Beard*, 33 Barb., 357, and *Audubon v. The Excelsior Ins. Co.*, 27 N. Y., 216. On a nonsuit the plaintiff pays costs as if the defendant obtained a verdict. Bicknell's Pr., 140; Cowper, 407; 1 Strange, 300. The only difference between a dismissal and a nonsuit is said to be, that the former must be made before the jury returns into court. Bicknell's Pr., 140; 3 Black. Com., 376. The books of practice agree that there is no difference in the effect of the judgment between a voluntary and an involuntary nonsuit. Freeman on Judgments, § 261, cites many authorities to sustain his text asserting the same principle. 2 Whittaker's Pr., 357; 3 Wait's Pr., 163. That the facts in evidence given by the plaintiff are fully considered by the court, upon a motion for a nonsuit, in determining the question whether in law they entitle the plaintiff to recover, constitutes no such *trial on the merits* as to make the nonsuit a bar. It is the form of the judgment of nonsuit which gives to it its legal effect, and not the facts considered on the motion. *Fisk v. Parker*, 14 La. An., 491.

We conclude, then, that a judgment of nonsuit, whether

voluntary or involuntary, is never a bar to another action for the same cause. This rule in respect to involuntary nonsuits is not only sustained by the authorities, but by reason, and is evidently recognized generally by the courts and the bar, from the common practice of nonsuits granted on motion, without a question as to their effect in barring another action. The defendant, instead of moving for a nonsuit on the case made by the plaintiff, may, if he have confidence in his position, have a judgment which will be a bar to another action by submitting the cause to the verdict of a jury, or to the court, if a jury be waived. He should not be allowed to experiment with a motion for a nonsuit, and obtain the opinion of the court of the plaintiff's case, and, if he fails in his motion, then go to a full trial on the merits, without also allowing the plaintiff, if he is the losing party on the hearing of the motion, to sue over. If the defendant is not bound and concluded by the decision of the motion, the plaintiff should not be; and if the rule is adopted that a nonsuit granted upon the motion of the defendant is a bar to another action, then the correlative rule should be adopted also, that a decision against the motion operates as a judgment for the plaintiff. This rule as to the effect of the judgment will encourage the practice of moving for a nonsuit on the case made by the plaintiff, and thus often save the time and expense of a full and needless trial, when the plaintiff has failed to sustain his action, by incompetency or insufficiency of proof.

The question first discussed in the brief of the learned counsel of the respondent, as to the sufficiency of his first defense, will not be considered, because not here on this appeal.

*By the Court.*— The order of the circuit court overruling the demurrer to the second defense of the respondent's answer is reversed, with costs, and the cause remanded for further proceedings according to law.