Rohr, Respondent, vs. Chicago, North Shore & Milwaukee Railroad, Appellant.

*November 11—December 5, 1922.*

*Dismissal and nonsuit: Discretion of court: Withdrawal of attorney from case upon adverse ruling: Direction of verdict: Civil court of Milwaukee county: Reversal of judgment by circuit court.*

1. A plaintiff is not entitled to a voluntary nonsuit as a matter of course; but a motion therefor, even though made before argument of the cause to the jury, is addressed to the sound discretion of the court.

2. The withdrawal of plaintiff's attorney from the case because of dissatisfaction with an adverse ruling of the court is improper, his duty to his client and to the court requiring him to proceed with the case and obtain a review of the ruling by the appellate court.

3. Such withdrawal, however, did not justify the direction of a verdict for the defendant where the evidence presented a jury question.

4. Under sub. 3, sec. 28, ch. 549, Laws 1909, the circuit court, on plaintiff's appeal from a judgment of the civil court of Milwaukee county in favor of defendant, rendered on the withdrawal from the case by plaintiff's attorney, was authorized to examine the record to ascertain whether there was evidence presenting a jury question and to reverse the judgment and grant a new trial if a verdict had been improperly directed.

APPEAL from an order of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

This action was brought in the civil court of Milwaukee county to recover damages for personal injuries. It was tried before a jury. Defendant rested its case during the afternoon. Plaintiff's attorney announced that he had some rebuttal testimony which was not at hand but which would be available the next morning. The court then discharged the jury until the following morning, and suggested that if there were any motions they might be argued at that time as though the case were closed. Defendant then moved the court to direct a verdict in its favor. The motion was argued but not decided at that time. The next morning plaintiff's attorney moved for a voluntary nonsuit. We gather from the briefs, though it does not very clearly appear from the record, that this was done because of certain alleged misconduct on the part of jurors which had come to the attention of plaintiff's counsel. The court interrogated the jurors. Evidently the court came to the conclusion that the charge of misconduct was not well founded, and denied plaintiff's motion for a nonsuit. Plaintiff's counsel then announced that he did not desire to proceed any further with the trial and declined to further participate therein. Defendant then renewed its motion for the direction of a verdict, which motion was granted. This occurred on March 21, 1918. On March 22, 1918, plaintiff's attorney served upon the defendant's attorney a notice that upon the

30th day of March, 1918, he would move the court for the following:

"1. For an order vacating and setting aside the order made herein by the court directing a verdict for the defendant, for the reason that such direction of the verdict could not be made after the plaintiff had submitted to a voluntary nonsuit.

"2. For an order granting plaintiff's motion for a nonsuit in the said cause and directing that the judgment of dismissal on voluntary nonsuit by the plaintiff be made and entered herein.

"3. For order or orders granting such other and further relief in the premises as will give the plaintiff full benefit of his motion for a voluntary nonsuit in said cause."

This motion was argued before the court and the relief sought was denied *in toto* and judgment was rendered in favor of the defendant upon the directed verdict. The plaintiff then appealed to the circuit court, where the judgment of the civil court was reversed and a new trial ordered in the circuit court. This appeal is from the order of the circuit court granting a new trial in that court. .

For the appellant there was a brief by *Edgar L. Wood* of Milwaukee, attorney, and *A. L. Gardner* of Chicago, of counsel, and oral argument by *Mr. J. H. McQuaid* of Milwaukee and *Mr. Wood.*

For the respondent there was a brief by *Joseph G. Hirschberg, Horace B. Walmsley,* and *Wm. A. Schroeder,* all of Milwaukee, and oral argument by *Mr. Hirschberg.*

Owen, J.    It is apparent that the plaintiff's attorney labored under the misapprehension that he was entitled to a voluntary nonsuit as a matter of course. Such is not the law. The authorities in this jurisdiction upon that question were recently fully reviewed in *Obermeier v. Milwaukee E. R. & L. Co.* 177 Wis. 490, 188 N. W. 603, resulting in the conclusion that a motion for a voluntary nonsuit, even though made before argument of the cause to the jury, is addressed

to the sound discretion of the court. The denial of plaintiff's motion for a nonsuit was therefore within the power of the court, and the result of the motion was not to terminate the cause then pending. That could only result from an order of dismissal. *State ex rel. Milwaukee v. Ludwig,* 106 Wis. 226, 82 N. W. 158. While plaintiff's attorney no doubt acted in good faith in declining further to participate in the trial, it may be remarked, though in no spirit of censure, that his conduct did not respond to the duty he owed his client or the court. Attorneys continually encounter adverse rulings from the court in the trial of causes. Even though they believe such rulings erroneous it is their duty to acquiesce therein. Not only the interest of their clients, which they have undertaken to protect, but the respect due from an attorney to the court, so requires. It would be a reflection upon our system of judicial procedure if, in order to protect the interests of his client from the effect of an adverse ruling, it were necessary for an attorney to abandon his client's cause. Under our system of jurisprudence ample provision is made by which adverse rulings may be reviewed by the appellate court without resorting to the extreme measure of withdrawing from the case.

But the fact that plaintiff's attorney declined further to participate in the trial did not justify the direction of a verdict in favor of the defendant if, as a matter of fact, the evidence presented a jury question. The issues should have been submitted to the jury just as though plaintiff's attorney had continued to participate in the trial. Upon appeal to the circuit court that court, upon a review of the record, concluded that the evidence did present a jury question, and that the direction of a verdict in favor of the defendant constituted prejudicial error. The Civil Court Act, sub. 3, sec. 28, ch. 549, Laws 1909, authorizes the circuit court to reverse the judgment of the civil court and to order the action tried in said circuit court in the same man-

ner as if originally brought there in cases of mistrial where substantial justice cannot otherwise be done. The circuit court, having come to the conclusion that the evidence presented a jury issue, reversed the judgment of the civil court and ordered a new trial in the circuit court by virtue of the power thus conferred. It is not argued here that the circuit court was not justified in the conclusion that the evidence presented a jury question. The order of the circuit court is sought to be reversed on this appeal for the sole reason that the motion for a voluntary nonsuit was properly denied by the circuit court. Granting this contention, it does not follow, as we have seen, that the verdict was properly directed in favor of the defendant. It was the duty of the circuit court to examine the record to see whether justice had been done. Having come to the conclusion stated, the order of the circuit court was proper and cannot be disturbed on this appeal.

*By the Court.*—Order affirmed.