MARHOFKE, Respondent, vs. BRUCKEN, Appellant.

*November 11—December 7, 1926.*

*Automobiles: Car running into another from the rear: Sudden stop of first car: Proximate cause: Inattention of driver of rear car: Inconsistent verdict: Weight.*

1. It is a legal impossibility, in an action to recover damages sustained in an automobile collision, for a plaintiff to be guilty of contributory negligence on his own cause of action and yet, on a counterclaim, be not guilty of a failure to exercise ordinary care constituting a proximate cause of the collision. See *Loehr v. Crocker, ante,* p. 422. p. 445.

2. A mere conflict in the findings of the jury which makes a special verdict valueless does not authorize the court to change the answers of the jury, which can be done only where the evidence raises no question for the jury. p. 445.

3. Plaintiff, driving an automobile on a city street at about fifteen miles per hour, ran over a dog, and looking around saw defendant approaching from the rear, and the distance approximately forty feet. Defendant saw the incident, slowed down his speed, and, although he had room to turn out, did not do so but ran into plaintiff when he stopped without giving any

signal of his intention. *Held,* that the collision resulted from the inattention of the defendant, and plaintiff's conduct was not a proximate cause thereof.   p. 446.

APPEAL from a judgment of the circuit court for Richland county: S. E. SMALLEY, Circuit Judge. *Affirmed.*

This action is the result of an automobile collision occurring upon a public street in Richland Center.   While plaintiff was driving along the street at a speed not exceeding fifteen miles an hour, a dog ran out from the curb and got under the plaintiff's car.   Defendant was driving a Ford truck, and at the time of this occurrence was about forty feet behind the plaintiff.   Within a very short time after the dog got out from under the car defendant's truck ran into plaintiff's automobile in the rear.   According to the testimony of the plaintiff, when he realized that the dog had gotten out from under his car he looked back to see what had become of the dog, and noted that the defendant's truck was about forty feet behind him and that the defendant was looking towards the side of the street; that he feared defendant would run into him, and immediately applied the gas in the hope of keeping out of his way, in which effort he was unsuccessful.

Defendant's testimony is to the effect that he saw plaintiff's car run over the dog; that neither he nor the plaintiff was going over fifteen miles an hour; that upon seeing the dog under plaintiff's car he slowed down to ten miles an hour; that he thought plaintiff would stop, but that plaintiff did not do so until he had gone about a rod after the dog had gotten out from under the car, at which time the plaintiff brought his car to a stop and defendant was unable to stop his truck in time to avoid running into it.   Both cars were about ten feet from the right-hand curb and both were on the right-hand side of the street.   Defendant testified that there was ample room for him to turn out and go *by* the plaintiff, but that he made no effort to do so.

Plaintiff brought this action to recover damages to his automobile and the defendant counterclaimed for the damages sustained by his truck. The case was tried before a jury and a special verdict was returned in which the jury found that the defendant failed to exercise ordinary care in driving and managing his truck at and immediately before the collision, but that such failure on the part of the defendant was not a proximate cause of the collision. It was also found that the plaintiff was guilty of a want of ordinary care which proximately contributed to the collision. With reference to the defendant's counterclaim it was found that the plaintiff failed to exercise ordinary care in driving and handling his automobile at and immediately before the collision, but that such want of ordinary care was not the proximate cause of the collision. It was also found that the defendant was guilty of a want of ordinary care which proximately contributed to the collision.

Motions for judgment, and to change various answers of the special verdict, were made by both parties. The court granted plaintiff's motions to change the answers in the special verdict so that the verdict absolved the plaintiff from all negligence and found the negligence of the defendant to be the proximate cause of the collision, and rendered judgment in favor of the plaintiff. The defendant appealed.

For the appellant there was a brief by *Black & Clark* of Richland Center, and oral argument by *R. A. Clark*.

For the respondent there was a brief by *Brindley & Brewer* of Richland Center, and oral argument by *F. L. Brewer*.

OWEN, J. The question presented is purely one of fact. The defendant strongly urges that the evidence disclosed a case for the jury and that the court was not justified in disturbing the verdict. The verdict itself is inconsistent and contradictory. Upon the plaintiff's cause of action it finds

that the defendant failed to exercise ordinary care but that such failure was not a proximate cause of the injury, while upon the defendant's counterclaim it finds that the defendant was guilty of contributory negligence. The same findings are made with reference to the plaintiff's negligence. It is a legal impossibility for a plaintiff to be guilty of contributory negligence in a matter of this kind and yet not be guilty of a failure to exercise ordinary care constituting a proximate cause of the injury or damage. *Loehr v. Crocker, ante,* p. 422, 211 N. W. 299. The verdict, therefore, is valueless. It finds both ways on the question of the negligence of the respective parties and can be given no weight whatever. But even though that be true, the court is not justified in deciding these issues as a matter of law if the evidence in fact discloses a jury question. The trial court evidently felt that there was no ground for holding the plaintiff guilty of any negligence proximately causing the collision, and upon a review of the record we arrive at the same conclusion. It is difficult to understand upon what theory the jury found the plaintiff guilty of contributory negligence, even though the testimony of the defendant be accepted as true. According to the defendant's testimony, neither plaintiff nor defendant was driving to exceed fifteen miles an hour. When the dog was under plaintiff's car, defendant's truck was forty feet behind. The defendant thought plaintiff would stop, he slowed down his own car to ten miles an hour as a result of such expectation, and plaintiff drove at least two rods from that time until the time the defendant claims he stopped. If this testimony be true, it is difficult to perceive how the collision could have occurred if defendant exercised ordinary care. Even though the plaintiff gave no signal of his intention to stop, if defendant's testimony be true, such signal would have served no purpose because the defendant testifies he expected he would stop. If defendant's testimony be true, the plaintiff brought his car to a gradual stop within

two rods. The defendant had the same distance plus forty feet in which to bring his truck to a stop. He does not testify that this was impossible. He further testifies that there was ample room for him to turn from his line of travel and avoid the collision, but he made no effort to do so. The conclusion is irresistible that the collision resulted solely from defendant's inattention. At any rate it seems clear that the conduct of the plaintiff was not a proximate cause of the collision, from which it results that the trial court was justified in so dealing with the verdict and granting judgment in favor of the plaintiff.

*By the Court.*—Judgment affirmed.