CARR, Respondent, vs. CHICAGO & NORTH WESTERN RAILWAY COMPANY, Appellant. [Two cases.]

*June 5—June 30, 1950.*

316

318

For the appellant there was a brief by *Edward H. Borgelt* and *Richard S. Gibbs,* both of Milwaukee, and oral argument by *Mr. Gibbs.*

*John E. O'Brien* of Fond du Lac, for the respondent.

BROWN, J. Trial was to a jury which found the railway causally negligent as to speed and not negligent as to lookout or management and control; and found Mrs. Carr causally negligent as to management and control of the automobile and not negligent as to lookout or listening or failure to heed the warning devices. Examination of the record discloses evidence to sustain the respective findings of negligence.

The appellant Railway Company submits that speed, by itself, cannot be the cause of an accident. The statement is supported by many of our decisions and as a proposition of law may be conceded, but speed of a train in combination with other circumstances may be such cause, as we have pointed out in *Bellrichard v. Chicago & N. W. R. Co.* (1945), 247 Wis. 569, 20 N. W. (2d) 710, and more recently in *DeRousseau v. Chicago, St. P., M. & O. R. Co.* (1949), 256 Wis. 19, 39 N. W. (2d) 764. In the instant case the extreme length of track which can be seen from the highway is thirty-five hundred feet and at seventy-five miles per hour the train would cover this in thirty-two seconds. There were buildings to conceal the train from Mrs. Carr at intervals as she approached the crossing, and there were highway intersections which demanded a part of her attention so that she could not keep the track under continual observation; and because of the angle at which the railroad and the street met, in order to look along the track to the left when close to it, she had to look not straight to the side but backward, over her left shoulder. These circumstances do not remove the duty of the driver to observe but they do make observation difficult, while the train, approaching at more than three times the legal rate of speed, gave her less than one third of the time contemplated by the statute for

her to observe its approach and calculate whether she could cross in safety. The jury visited the scene and saw the obstructions. We consider that the physical features surrounding this intersection present circumstances which, in combination with the speed of the train, make the causal connection between the prohibited speed and the collision a question for the jury. The finding that the speed contributed to cause the accident must be sustained.

The railway. also contends that the driver of the automobile was negligent as to lookout and as to failure to heed the warning signals as a matter of law, but we do not think the point is well taken. It is quite obvious that she mismanaged the automobile but all the occupants of the automobile were killed instantly and no one can say whether she looked before entering on the tracks or what she saw or heard. The burden of this proof was on the railroad and we consider the proof offered made each element of her negligence a jury question, not to be resolved as a matter of law.

The jury attributed causal negligence sixty per cent to the railway and forty per cent to Mrs. Carr. The railway submits that her negligence was at least as great as its own. We do not think it can be held so as a matter of law. The negligence of the parties differed in kind as in degree, and the apportionment was properly submitted to the jury. The substantial portion attributed to Mrs. Carr indicates careful consideration and we do not find reason to interfere.

The railway complains, also, of an instruction on the questions of Mrs. Carr's negligence as follows:

"You are further instructed as to the conduct of Kathryn Carr that the presumption is that the deceased exercised due care for her own safety. This, in itself, is a very substantial presumption; and while it does not constitute affirmative evidence that due care was exercised, it does require proof to the contrary in order to remove its persuasive force."

This instruction should not have been given because there was evidence upon which the jury could have found Mrs. Carr was negligent. Accordingly, the presumption had ceased to operate. *Fiedler v. Kapsa* (1949), 255 Wis. 559, 39 N. W. (2d) 682. The instruction put a greater burden of proof on the railway than the law, as expressed in the *Fiedler Case*, justifies, but since the jury found Mrs. Carr was negligent we conclude that no prejudice resulted from the error.

The special verdict contained the following questions and answers:

"5. If you answer questions 3 and 4, or any of the subdivisions thereof 'Yes,' then answer this question:

"Did such negligence on the part of Kathryn Carr constitute more than a slight want of ordinary care? No.

"6. If you answer questions 1 and 2, or any of the subdivisions thereof 'Yes;' and if you answer questions 3 and 4, or any of the subdivisions thereof, 'Yes;' and, further, if you answer question 5, 'Yes,' then answer this question:

"What proportion of such combined negligence, if found by you, was attributable to:

"(a) The defendant Railroad Company, or its agent? Sixty per cent.

"(b) The driver, Kathryn Carr? Forty per cent."

The answer to question 5 is inconsistent with the finding in question 6 that Mrs. Carr's negligence was forty per cent of the whole and the trial court changed the answer to No. 5 to "Yes." In a request for review the respondent submits that when the jury found that there was not more than a slight want of ordinary care on Mrs. Carr's part it should not have answered question 6 at all and the change by the court was error and the plaintiff should have judgment for all the damages found without apportionment. We believe that as a matter of law the evidence establishes more than a slight want of ordinary care on Mrs. Carr's part. The learned trial court correctly changed the answer and thereupon the

answers to question 6 become regular and consistent. By finding that Mrs. Carr's negligence was forty per cent of the whole the jury itself justified the action of the trial court in changing the answer to question 5 and confirms our own view that her lack of care was more than slight as a matter of law. We see no cause to disturb the verdict.

This action illustrates confusion which courts and juries experience in attempting to apply both secs. 192.29 (6) and 331.045, Stats. They read:

"192.29 *Train speed at street and highway crossings.* . . .

"(6) *Actions for damages, ordinary care.* In any action brought by any person or his legal representatives against a corporation operating a railroad in this state, to recover for personal injuries or death, if it appear that the injury or death in question was caused by the negligent omission of such corporation to comply with the requirements of this section, the fact that the person injured or killed was guilty of slight want of ordinary care contributing to the injury or death shall not bar a recovery. The burden of proof that the person so injured or killed was guilty of more than a slight want of ordinary care contributing to the injury or death shall be upon the defendant."

"331.045 *Comparative negligence; when bars recovery.* Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished by the jury in the proportion to the amount of negligence attributable to the person recovering."

No doubt trial courts have considered it necessary to submit to juries questions under both sections because of language in the opinion in *Hammer v. Minneapolis, St. P. & S. S. M. R. Co.* (1934), 216 Wis. 7, 255 N. W. 124, in which we said that if the plaintiff's want of ordinary care

was more than slight, his negligence should be compared to that of the railroad. It is a fair inference, from what was there said, that if plaintiff's want of ordinary care is *not* more than slight, no comparison should be made. However, this would not be a correct statement of the law. The comparative-negligence law, sec. 331.045, Stats., was enacted later than sec. 192.29 (6). It does not except any kind or class of litigants from its application. The question of comparative negligence, therefore, should be submitted in railroad cases as in other negligence actions whenever plaintiff's contributory negligence is a question for the jury, but no situation comes to our mind in which it would be material whether his want of ordinary care is more or less than slight. Ordinarily, at least, such a question in a special verdict serves no purpose.

Other points raised by counsel have received consideration but are determined by what has already been said.

*By the Court.*—Judgments affirmed.