KLAPINSKI, Appellant, v. POLEWSKI, Respondent.

*January 11—February 5, 1963.*

For the appellant there was a brief by *Robert B. Fennig* and *Harry F. Peck, Jr.,* both of Milwaukee, and oral argument by *Mr. Fennig.*

For the respondent there was a brief by *Fons & Fons* of Milwaukee, and oral argument by *David E. Fons.*

GORDON, J.   The plaintiff based his cause of action upon a written listing agreement which he annexed to his complaint. The listing agreement meets the requirements of sec. 240.10, Stats. It contains a provision that the owner will pay a commission under the following circumstances:

"If a sale or exchange is made or a purchaser procured therefor by you, by the undersigned, or by any other, at the price and upon the terms specified herein, or at any other terms and price accepted by the undersigned, during the life of this contract, or if sold or exchanged within six (6) months after the termination hereof to anyone with whom you negotiated during the life of this contract and whose name you have filed with me in writing prior to the termination of this contract, . . ."

Near the end of the contractual period provided for in the listing agreement the plaintiff informed the defendant that he had found a buyer who was willing to purchase the property as soon as the prospective purchaser could complete negotiations for the leasing of additional property adjoining that of the defendant. Upon learning that this lease could not be arranged by the prospective purchaser before the expiration of the term of the listing contract, the plaintiff asked the de-

fendant to extend the term of the contract for one week. The request for an extension was refused by the defendant.

During the term of the contract, the plaintiff did not inform the defendant of the identity of the prospective purchaser because the person with whom the broker was negotiating represented an undisclosed principal.

Within a few days after the contract expired, the agent for the undisclosed principal requested permission of the plaintiff to negotiate personally with the defendant, which permission was granted. The result of these new negotiations was a sale by the defendant to the agent acting in behalf of his principal. The sale was made within six months of the expiration of the listing contract.

The appellant urges that he had found a buyer who was "ready" to purchase the property in question during the term of the listing. We consider that this argument fails in light of the unchallenged facts of this case. An obstacle arose during the negotiations, which is described by the appellant in his statement of facts as follows:

"The leasing of this property could not be completed by the prospective purchaser before the expiration of the term of the listing contract and upon learning of this, appellant sought to extend the term of the contract for one (1) week in order to complete the transaction. The request for extension was refused."

Mr. Polewski, the seller, was under no obligation to extend the term of the listing for one week or for any other period. Mr. Klapinski did not procure a buyer who was ready, willing, and able to commit himself to the purchase during the term of the listing, and therefore the broker did not qualify for a commission under the listing agreement. All that Mr. Klapinski did was to locate a buyer who was *almost* ready to commit himself. This was insufficient under the terms of the listing agreement which required the broker to procure

a buyer "during the life of this contract." It is of no avail to the appellant that the prospective buyer would have been ready to proceed a week *after* the listing had expired.

The listing agreement afforded the broker an opportunity to protect his commission for six months after the termination of the listing contract in the event of a sale to a buyer with whom the broker negotiated during the life of the contract and whose name was filed with the seller in writing before the termination of the contract. It is conceded that Mr. Klapinski did not file the name of the ultimate purchaser with the defendant, and, accordingly, this provision of the listing agreement cannot be utilized by the broker.

We recognize that there are certain equities in the appellant's favor. For example, the negotiations were with an agent for an undisclosed principal, and this impeded the broker's ability to file the prospective buyer's name with the vendor. The broker also points out that the vendor was verbally informed that it was this broker who had activated the ultimate buyer's interest. In our opinion, these equities in favor of the appellant do not relieve the broker from his contractual burden of filing the name of the prospective purchaser with the seller. In *Dunn & Stringer Investment Co. v. Krauss* (1953), 264 Wis. 615, 619, 60 N. W. (2d) 346, this court said:

"The clause in question provides two conditions, both of which must concur, in order for a commission to be due on any sale made during the six-month period following the expiration date of the listing period. The first condition is that the broker must have negotiated with the subsequent purchaser for the sale of the premises during the listing period. The second condition is that the broker must have filed the name of such subsequent purchaser with the owners prior to the expiration date of the listing period. Actual notice by the owners of the negotiations had between the broker and the subsequent purchaser is not a substitute for the filing requirement."

A matter involving practice is presented by this case. Although it was not raised by counsel, the court considers it worthy of attention. The court granted the defendant's motion for nonsuit and went on to dismiss the action "upon the merits." This presents the question as to whether a judgment following the granting of a nonsuit is a bar to another action upon the same claim. In *Strehlau v. John Schroeder Lumber Co.* (1913), 152 Wis. 589, 591, 142 N. W. 120, this court said:

"It is familiar law that a judgment of nonsuit, voluntary or involuntary, is not a bar to another action upon the same cause. *Gummer v. Omro,* 50 Wis. 247, 6 N. W. 885; *Gratz v. Parker,* 137 Wis. 104, 118 N. W. 637."

In 2 Black, Judgments (2d ed.), p. 1051, sec. 699, the author states:

"It is a settled and inflexible rule that a judgment of nonsuit is not a judgment upon the merits, and therefore it is no bar to another suit upon the same cause of action."

See also *Rohr v. Chicago, N. S. & M. R. R.* (1922), 179 Wis. 106, 109, 190 N. W. 827.

From the foregoing we conclude that a motion for nonsuit does not warrant a dismissal upon the merits. If the motion had been for dismissal instead of for nonsuit, the action could have been disposed of upon the merits.

*By the Court.*—Judgment modified so as to eliminate the words "upon the merits" and, as so modified, affirmed.