STYCZINSKI (Lewis), Respondent, v. STYCZINSKI (Teddy), Appellant.

*September 5—October 3, 1967.*

38

For the appellant there was a brief and oral argument by *Rodney Lee Young* of Ladysmith.

For the respondent there was a brief and oral argument by *Daniel B. Merriam* of Ladysmith.

HANLEY, J. The following issues are raised on this appeal: (1) Did the trial court err in denying defendant's motion for a nonsuit; (2) by his failure to exercise the option of purchase, did the plaintiff lose his right to recover credits on rent payments?

Defendant contends that the trial court should not have allowed recovery of rent credits because the plaintiff never exercised his option to purchase and thereby forfeited all rights to credits from rent payments. De-

fendant concludes that plaintiff failed to prove a cause of action for recovery of the rent credit and therefore plaintiff should have been nonsuited. He makes no argument, however, against that portion of the judgment awarding recovery for the increase in livestock and machinery purchased during the partnership operation of the farm nor against that portion of the judgment allowing recovery for services in logging and sawing.

Under the terms of the lease agreement only payments made by the plaintiff to Dairyland State Credit Corporation, the Federal Land Bank, and Kempton Spooner were to be credited to the plaintiff if he exercised his option to purchase under the lease.

Here the complaint alleged that the plaintiff made contributions toward the real estate and personal property during the period the parties operated the farm as a partnership, that in addition at the request and insistence of the defendant he performed extra logging and sawing duties and that he raised fifteen bred heifers and seventeen unbred heifers which remained on the premises. There is evidence in the record that supports the findings that plaintiff is entitled to recover his share of the value of the increase of livestock and machinery and the allowance for logging and sawing labor.

Therefore, the defendant's motion for a nonsuit was properly denied. We have held that a motion for nonsuit is equivalent to a demurrer to the evidence and, in passing on such motion, it is incumbent to view evidence in a light most favorable to the plaintiff; and the court must give plaintiff the benefit of the most favorable inferences that can reasonably be deduced therefrom. *Weihert v. Piccione* (1956), 273 Wis. 448, 78 N. W. 2d 757, *United States Fidelity & Guaranty Co. v. Milwaukee & Suburban Transport Corp.* (1962), 18 Wis. 2d 1, 117 N. W. 2d 708.

With regard to the rent credits, it is clear by the terms of the agreement that the payments were rent and were to become credits against the purchase price only if plaintiff elected to purchase. It is not contended that the original lease agreement was anything more than an option to purchase. It was a continuing promise or offer given by the defendant to sell a one-half interest in the farm to the plaintiff at a specified price within a specified period of time. *Bratt v. Peterson* (1966), 31 Wis. 2d 447, 143 N. W. 2d 538. There is a dispute in the testimony as to whether plaintiff was told to get off the farm. There is no finding that defendant breached the option contract. Therefore, when plaintiff failed to exercise his option within the time specified and admitted that he never affirmatively sought to exercise the option, he relinquished all of his rights under the lease. This does not work a forfeiture. As the court pointed out in *Megal v. Kohlhardt* (1960), 11 Wis. 2d 70, 83, 103 N. W. 2d 892:

"In cases of an unexercised option there is no forfeiture in the sense that exists with respect to a contract for the sale of realty. The optionee merely pays a consideration for the optionor's not revoking his offer to sell and selling to another during the option period. If the optionee lets the option period expire without exercising the option, he nevertheless has had the benefit of the consideration that he paid for the option. Because this is so, there is no reason of policy why he should receive a refund of the money paid for the option."

There being no other agreement to provide for the refund of rent credits, this item of recovery in the sum of $650 should be disallowed.

*By the Court.*—Judgment to be modified consistent with the opinion and, as so modified, affirmed. The appellant to have costs.