KRUEGER, Appellant, v. WINTERS and another, Respondents.

*November 27—December 22, 1967.*

For the appellant there was a brief by *Schmus & Pano-sian* of West Allis, and by *Kersten & McKinnon* of Mil-

waukee, attorneys, and *George P. Kersten* of counsel, and oral argument by *George P. Kersten.*

For the respondents there was a brief by *Kivett & Kasdorf,* attorneys, and *John M. Swietlik* of counsel, all of Milwaukee, and oral arguments by *Mr. Swietlik.*

BEILFUSS, J.  The issue before this court on appeal is: Should the plaintiff be allowed to disclaim or waive an item of damages in the special verdict thereby expunging the effect of a dissent to that item so as to cure an otherwise defective verdict?

The pertinent statute is sec. 270.25 (1), which provides:

"**Verdicts; five-sixths; directed.** (1) A verdict agreed to by five-sixths of the jurors shall be the verdict of the jury.  If more than one question must be answered to arrive at a verdict on the same cause of action, the same five-sixths of the jurors must agree on all such questions."

This court has construed this section to mean the same five-sixths of the jurors "must agree upon all questions essential to support the judgment entered upon it." *Scipior v. Shea* (1948), 252 Wis. 185, 190, 31 N. W. 2d 199.  Unquestionably then, unless the trial court could find the amount of medical expenses as a matter of law, or unless it could grant plaintiff's motion to dismiss the claim for medical expenses, the verdict was invalid under sec. 270.25 (1), Stats.

The trial judge refused to find the amount of medical expenses as a matter of law for two reasons.  First, he felt that he would have to find the same amount as the jury found on the issue and that it would be improper for him to substitute his finding of $606 for the jury's finding of $606.  Second, the trial court was of the opinion ". . . that there was a substantial issue of fact

as to the necessity for all of the medical expenses encompassed in this lawsuit."

If the trial court could have found the amount of medical expenses as a matter of law, there is no reason why he could not substitute his answer for that of the jury and rid the verdict of a dissent albeit his answer would be the same as that given by the jury. But in this case the trial court rightfully concluded he could not determine the amount of medical expenses as a matter of law because a substantial issue of fact was involved. This court is bound by that determination since the transcript of testimony has not been made a part of the record on this appeal.

In denying the motion to dismiss on the merits, or waive the amount of medical expenses, the trial court relied on sec. 270.24, Stats. That section provides that the plaintiff has no right to submit to a nonsuit after argument to the jury is concluded or waived.[1] The purpose of sec. 270.24 is as stated in the revisor's note to the section:

" '. . . The plaintiff and defendant ought to stand on even terms, and it is unnecessary to preserve the plaintiff from inequitable surprises that he should have a privilege of attempting another trial which the defendant does not have, if the charge of the court shall prove unfavorable.' " [2]

The same reasoning applies, and with greater force, when the verdict has been returned. Certainly the plaintiff does not have the option to reject the verdict by submitting to a nonsuit by his own motion and later start a new action. However, plaintiff's motion in this case was not for nonsuit. Rather, it was stated to be a "waiver" of the medical expenses. On his motion for

[1] "270.24 **No nonsuit after argument.** The plaintiff shall have no right to submit to a nonsuit after the argument of the cause to the jury shall have been concluded or waived."

[2] 32 Wis. Stats. Annot., Interpretive Commentary, pp. 299, 300, sec. 270.24.

rehearing, plaintiff attempted to make this clear by using the language "dismiss on the merits all claims for medical expenses."

This court distinguished between a nonsuit and a dismissal on the merits in *Klapinski v. Polewski* (1963), 19 Wis. 2d 124, 128, 119 N. W. 2d 424:

". . . The court granted the defendant's motion for nonsuit and went on to dismiss the action 'upon the merits.' This presents the question as to whether a judgment following the granting of a nonsuit is a bar to another action upon the same claim. In *Strehlau v. John Schroeder Lumber Co.* (1913), 152 Wis. 589, 591, 142 N. W. 120, this court said:

" 'It is familiar law that a judgment of nonsuit, voluntary or involuntary, is not a bar to another action upon the same cause. *Gummer v. Omro,* 50 Wis. 247, 6 N. W. 885; *Gratz v. Parker,* 137 Wis. 104, 118 N. W. 637.'

"In 2 Black, Judgments (2d ed.), p. 1051, sec. 699, the author states:

" 'It is a settled and inflexible rule that a judgment of nonsuit is not a judgment upon the merits, and therefore it is no bar to another suit upon the same cause of action.'

"See also *Rohr v. Chicago, N. S. & M. R. R.* (1922), 179 Wis. 106, 109, 190 N. W. 827.

"From the foregoing we conclude that a motion for nonsuit does not warrant a dismissal upon the merits. If the motion had been for dismissal instead of for nonsuit, the action could have been disposed of upon the merits."

A dismissal on the merits would constitute a bar and would prevent the plaintiff from ever again asserting his claim for medical expenses against this defendant. The matter from that time on would be res judicata. If the plaintiff is willing to forego this amount entirely, the defendant cannot be heard to complain.

The respondent argues that there is no statutory or case law authority for allowing such a motion. This is correct. However, there is no authority which prevents the granting of such a motion even though it

affects only a part of the cause of action. Respondent contends that it is fundamental that a verdict must be treated as a whole, and that it cannot be accepted in a piecemeal fashion. Either it is valid, or it is void. This proposition is not in keeping with the decided cases. This court has on several occasions approved a trial court's determination that a question in a verdict should be answered as a matter of law, thereby curing an otherwise defective verdict. An example is *Wendel v. Little* (1961), 15 Wis. 2d 52, 112 N. W. 2d 172. In *Wendel* one juror dissented to the comparison of negligence question and two different jurors dissented to two separate items of damages. This court sustained the trial court's conclusion that the plaintiff had been free from contributory negligence as a matter of law. The trial court's procedure of striking this question and the dissent thereto as surplusage, and thereby curing the verdict, was approved by this court:

"This court has held it permissible to cure an inconsistent special verdict by changing answers, as long as the evidence establishes the change as a matter of law. See *Statz v. Pohl* (1954), 266 Wis. 23, 62 N. W. (2d) 556, 63 N. W. (2d) 711; *Carr v. Chicago & N. W. R. Co.* (1950), 257 Wis. 315, 43 N. W. (2d) 461; *Marhofke v. Brucken* (1926), 191 Wis. 442, 211 N. W. 303. It has also been held by this court that the elimination by the trial court of a superfluous question from the special verdict is not prejudicial. *Matthews v. Sigel* (1913), 152 Wis. 123, 139 N. W. 721." *Wendel v. Little, supra,* page 60.

If a trial court can cure a verdict of excessive dissents by determining issues as matters of law, it logically follows that the court should be able to cure a verdict where the plaintiff expressly waives or disclaims his rights to a specified item of damages. When the plaintiff waives and disclaims the item by motion to dismiss upon the merits he is, as a matter of law, barred from again asserting the claim. The trial court should so

hold and cure the verdict of the dissent. Doing so is no more prejudicial to the defendant than the trial court curing a verdict of dissents by finding on particular items as a matter of law.

Since the plaintiff is willing to forego completely any and all medical expenses connected with the accident in question, there is no sufficient reason why the motion should not have been granted. Striking this subdivision of the damage question and the dissent from the verdict renders the verdict valid. The necessary number of jurors (10) have agreed on the essential questions. The verdict, as amended, supports a judgment for $6,000 (plus $54.72 for wages which the trial court found as a matter of law). Defendant Winters has failed to show how he would in any way be prejudiced by this result.

While we acknowledge the trial court had no precedent in the matter, we are of the opinion it should have granted plaintiff-appellant's alternative motion to strike the subdivision of the damage question relating to medical expenses and then ordered judgment on the verdict as amended.

The appellant in his brief submits that this court should promulgate a rule which would require that the verdict form provide for dissents at the foot of the verdict rather than after each question or subdivision. The respondent agrees that it would be advisable that the form of the verdict be uniform, in this respect, but contends the form should provide for dissents after each question or subdivision.

In *Kowalke v. Farmers Mut. Automobile Ins. Co.* (1958), 3 Wis. 2d 389, 403, 88 N. W. 2d 747, this court considered the problem and stated:

"The practice of trial courts in this state is not uniform with reference to the matter of the place upon the verdict where dissenting jurors are to write their names in relation to answers of questions to which they disagree. Most special-verdict forms in this state contain [a] place for such purpose immediately after or under

the line or space provided for the answer to each respective question. Other special-verdict forms are designed as here with space provided at the foot of the entire verdict for names of dissenters in relation to the answering of questions to which they do not agree. It seems to us that both methods furnish adequate opportunity for expression of dissent, and that they afford clear indication to dissenting jurors as to where they are to place their names."

We have, in effect, said in *Kowalke, supra,* that the form of the verdict insofar as it provides for jurors' dissents is discretionary with the trial court. We find no sufficient reason to depart from this pronouncement.

*By the Court.*—Order reversed, with directions to enter judgment for the plaintiff consistent with the opinion.