HERITAGE MUTUAL INSURANCE COMPANY, Respondent, v. THOMA and another, Appellants.

*No. 52. Argued January 7, 1970.—Decided February 3, 1970.*
(Also reported in 173 N. W. 2d 717.)

For the appellants there were briefs and oral argument by *Raymond R. Colwin* of Fond du Lac.

For the respondent there was a brief and oral argument by *John P. McGalloway* of Fond du Lac.

ROBERT W. HANSEN, J. Three questions will be answered in this decision, even though only one is asked on this appeal, with the reasons for so doing noted in the opinion.

*Motion to amend.*

> *Could or should the trial court have granted*
> *plaintiff's motion to amend its pleadings?*

While no issue is raised as to the trial court's denying the motion to amend, appellant appears to find something wrong with allowing the plaintiff to plead over, initially attempting to recover subrogation without proving joint liability, and, if that attempt fails, to recover contribution by proving joint liability. We do not. It is permissible for a party to alternatively plead causes of action for subrogation and contribution.[1] Allowing alternative allegations of contribution and subrogation in a single complaint permits a full determination of all the issues in one suit. It is no longer necessary to first attempt to recover on an indemnity theory, and, failing in such attempt, to commence a second action on the contribution theory. Both causes of action may be joined in a single lawsuit.

The reasons given by the trial court for denying the motion to amend the pleadings were that such motion was not timely "and not based upon the evidence now in the record." However, it is statutorily provided that the court may permit amendments to pleadings at any stage of the proceedings.[2] Where the trial court found that

---

[1] *Perkins v. Worzala* (1966), 31 Wis. 2d 634, 143 N. W. 2d 516.

[2] "The court may, at any stage of any action . . . before or after judgment, in furtherance of justice and upon such terms as may be just, amend any . . . pleading . . . ; provided, the amended pleading states a cause of action arising out of the contract, transaction or occurrence or is connected with the subject of the action upon which the original pleading is based." Sec. 269.44, Stats.

the evidence did not establish any negligence on the part of plaintiff's insured, an amendment to add a cause of action for subrogation did have support in the evidence. Since it was the defendant that raised the objection to the lack of proof as to plaintiff's insured's negligence, they could not be said to be surprised by an amendment of the complaint to allege that such insured was not negligent. Since appellate court decisions serve as guidelines to what may occur in the future as well as rulings on what did occur in a particular case, we make it clear that the trial court certainly could and very probably should have here granted plaintiff's motion to amend its pleadings. The general rule for such situations remains:

". . . we conclude the rule to be that sec. 269.44, Stats., should be liberally construed to permit the amendment of the pleadings so as to present the entire controversy providing the amendment does not unfairly deprive the opposing party of timely opportunity to meet the issue created by the amendment." [3]

*Motion to dismiss.*

*Did the trial court correctly hold defendant's motion to dismiss to be a motion for nonsuit?*

It is this question or issue that brings this case to this court. Its answer begins with an analysis of the plaintiff's complaint. As the trial court correctly pointed out, the complaint here, by failing to make an allegation as to the negligence of driver Eichstedt and thus failing to allege common liability, did not state a cause of action in contribution.[4] The defendants chose not to

---

[3] *Wipfli v. Martin* (1967), 34 Wis. 2d 169, 174, 148 N. W. 2d 674. *See also Vande Hei v. Vande Hei* (1968), 40 Wis. 2d 57, 60, 161 N. W. 2d 379; *McCraw v. Witynski* (1969), 43 Wis. 2d 313, 320, 168 N. W. 2d 537.

[4] ". . . The basic elements of recovery in an action for contribution are . . .

"(1) Both parties must be joint negligent wrongdoers.

demur to the complaint nor to make a motion for judgment on the pleadings. They elected to allow the case to go to trial, and, at the conclusion of the presentation of the plaintiff's case, they moved to dismiss on the merits. Their motion then is directed to the evidence presented as well as to the original complaint. The motion in effect claims that, assuming all of the evidence presented to be true and to be accepted as true by the trier of fact, a cause of action in contribution has not been proved. In moving for dismissal, defendant's attorney stated:

"It is submitted that in the absence of a failure to plead negligence on the part of one of the joint tort-feasors, and a failure to prove any negligence on the part of its insured, Lester Eichstedt, the action for contribution must fail."

The motion to dismiss, made at such time under such circumstances on such grounds, was properly held by the trial court to be in essence a motion for a nonsuit. It is the basic nature and essential character of the motion made, not the label attached to it, that determines what it is. The motion could as well have been held to be a demurrer to the evidence, but in this state a demurrer to the evidence is the equivalent of a motion for nonsuit, so such holding would not in any material way have altered the judge's ruling nor the consequences of it.[5] The motion made by defendants was a claim that neither complaint nor evidence established a cause of action in contribution. It was properly held to be a motion for nonsuit.

"(2) They must have common liability because of such negligence.

"(3) One such party must have borne an unequal portion of the common burden." *Wurtzinger v. Jacobs* (1967), 33 Wis. 2d 703, 709, 148 N. W. 2d 86.

[5] ". . . We have held that a motion for nonsuit is equivalent to a demurrer to the evidence . . . ." *Styczinski v. Styczinski* (1967), 36 Wis. 2d 36, 40, 152 N. W. 2d 865.

It follows that the trial court correctly granted to plaintiff the right to plead over. A motion for nonsuit does not warrant a dismissal upon the merits.[6] To appellant's contention that a motion for nonsuit does not exist in equity actions,[7] it is enough to state that an action for contribution, while equitable in its origin, is now enforced in a suit at law.[8] There is no existing barrier to a motion for nonsuit in an action for contribution, at least not in an action tried before a jury.[9]

*Appealability.*

> *Is this judgment appealable by the party*
> *whose motion was granted?*

Neither party has asked any question or raised any issue as to the appealability of the judgment in the instant case. However, appealability is jurisdictional.[10] It goes to the right of the appellate court to hear the appeal. The issue of appealability is not avoided by a failure to

---

[6] *Klapinski v. Polewski* (1963), 19 Wis. 2d 124, 128, 119 N. W. 2d 424. *See also Krueger v. Winters* (1967), 37 Wis. 2d 204, 211, 155 N. W. 2d 1.

[7] *See Spuhr v. Kolb* (1901), 111 Wis. 119, 121, 86 N. W. 562, cited with approval in *Seraphine v. Hardiman* (1969), 44 Wis. 2d 60, 65, 66, 170 N. W. 2d 739.

[8] "Contribution between joint tort-feasors though of equitable origin is now enforced in an action at law." *United States Fidelity & Guaranty Co. v. Milwaukee & Suburban Transport Corp.* (1962), 18 Wis. 2d 1, 21, 117 N. W. 2d 708.

[9] "There is grave doubt that a motion for a nonsuit is a proper motion in a case tried before the court without a jury." *Newton v. Newton* (1967), fn. 1, 33 Wis. 2d 182, 187, 147 N. W. 2d 328.

[10] "It is the duty of this court, notwithstanding no issue has been raised by counsel, to take notice of a point which goes to the jurisdiction of this court on appeal and to dismiss the appeal on its own motion, if the order of the trial court is not an appealable order." *Yaeger v. Fenske* (1962), 15 Wis. 2d 572, 573, 113 N. W. 2d 411. *See also Estate of Keske* (1966), 33 Wis. 2d 64, 146 N. W. 2d 450.

raise the issue. In fact, even consent of the parties involved cannot confer jurisdiction where none exists.[11]

A somewhat similar situation, particularly so when the motion for nonsuit is viewed as essentially a demurrer to the evidence and complaint, has come before this court, involving cases where trial courts have sustained demurrers to complaints and granted the plaintiff leave to plead over. This court has held that the defendant, whose demurrer to the complaint has been sustained, cannot appeal to this court from the order sustaining the demurrer solely on the ground that the plaintiff has been granted leave to plead over.[12] The reason for the rule is that the order granting the demurrer with leave to plead over leaves the merits of the action still to be tried. The reasoning of the rule applies to a motion for nonsuit which likewise leaves the merits of the action still to be tried.

Now that we have held that the motion to dismiss made by the defendants was in fact a motion for nonsuit equivalent to a demurrer to the evidence, and since we have held that the trial court properly dealt with such motion as a motion for nonsuit, we are compelled to conclude that a litigant successfully demurring or prevailing on a motion for nonsuit may not appeal the judgment based on such nonsuit motion solely on the ground that the action was not dismissed on its merits. Properly

[11] ". . . The question of whether the order appealed from is appealable has not been raised. However, parties cannot, either by failure to raise the question or by consent, confer jurisdiction upon an appellate court to review an order which is not appealable. . . ." *Szuszka v. Milwaukee* (1961), 15 Wis. 2d 241, 243, 112 N. W. 2d 699.

[12] ". . . An order, or portion thereof, which sustains a demurrer and grants the right to plead over is nonappealable by the successful demurring party." *Pavalon v. Thomas Holmes Corp.* (1964), 25 Wis. 2d 540, 549, 131 N. W. 2d 331. *See also Travelers Ins. Co. v. Fidelity & Casualty Co.* (1964), 24 Wis. 2d 38, 128 N. W. 2d 71; *Barry Laboratories, Inc. v. State Board of Pharmacy* (1965), 26 Wis. 2d 505, 132 N. W. 2d 833.

placed in the role of a defendant making a motion for nonsuit, the defendant cannot appeal from the judgment which grants the nonsuit he sought and secured.

*By the Court.*—Appeal dismissed with costs.