LIEBMANN, Special Administrator of the Estate of Alois Liebmann, Respondent, v. BUSALACCHI and another, Defendants: CITY OF MILWAUKEE and another, Appellants.

*No. 245. Argued October 7, 1971.—Decided November 2, 1971.*
(Also reported in 191 N. W. 2d 31.)

694

For the appellants there were briefs by *Ames, Riordan, Crivello & Sullivan,* attorneys, and *Robert D. Sullivan* and *Wallace P. Barlow, Jr.,* of counsel, all of Milwaukee, and oral argument by *Robert D. Sullivan.*

For the respondent there was a brief by *Schneider & Tammi* of Milwaukee, and oral argument by *Walter M. Tammi.*

HANLEY, J. This appeal presents three issues:

(1) Did the trial court err in not granting appellants' motion for nonsuit at the close of plaintiff's case;

(2) Did the trial court err in instructing the jury on the statutes relating to vehicles parked in crosswalks; and

(3) Were the damages found by the jury excessive?

*Motion for nonsuit.*

At the close of the plaintiff's case in chief, appellants moved for a nonsuit, contending that there was insuf-

ficient credible evidence to show that the city was in any way negligent. The motion was denied.

A motion for nonsuit is equivalent to a demurrer to the evidence. *Heritage Mut. Ins. Co. v. Thoma* (1970), 45 Wis. 2d 580, 585, 173 N. W. 2d 717. When passing on such a motion, the court must view the evidence in a light most favorable to the plaintiff; and, if there is any credible evidence or any inferences which might reasonably be drawn therefrom which supports a cause of action, the motion must be denied. *Styczinski v. Styczinski* (1967), 36 Wis. 2d 36, 40, 152 N. W. 2d 865.

The evidence herein shows that the city truck was parked so as to completely block the crosswalk. There was conflicting testimony on whether the city employees were on the scene or were in a restaurant nearby. For the purposes of reviewing this motion, they must be deemed to have been away from their work. When Mr. Liebmann was found, he was entirely within the crosswalk, approximately 12 feet from the corner. The truck could have been parked in the empty space just south of the crosswalk, leaving the walk clear, but necessitating the use of a wheelbarrow to convey the concrete to and from the truck.

No one saw the actual accident. Therefore, there was no testimony as to Mr. Liebmann's movements from the time he was last seen standing on the corner near the rear of the city truck until he was found lying in the street within the crosswalk.

The trial court, admitting that the case was very close, felt that the jury might be able to find negligence from the fact that the city employees may not have been working at the time the accident occurred. There was also a question in the judge's mind as to whether it was negligent to park the truck in the crosswalk when there was an open space immediately in front of the truck. There-

fore, the trial court thought the matter presented a jury question and denied the motion.

This is an action for negligence. As such, it is incumbent upon plaintiff to prove that defendant city of Milwaukee failed to exercise that degree of care which would be exercised by a reasonable person under the same or similar circumstances and that such failure was a proximate cause of the damages suffered. Here, although negligence on the part of the city might be inferred, there was nothing to show that such negligence caused the accident. It is not known whether Mr. Liebmann walked in front or in back of the truck, so there is no evidence that his vision was blocked by the city truck. It is likewise not known whether the position of the truck prevented him from stepping back to avoid the Transamerican tractor-trailer, whether that truck knocked him down as he stood waiting for it to pass, or whether he slipped and fell under the wheels of the trailer. There was an accident, but how it occurred is unknown; the city might have been negligent, but how that negligence was causal is not established.

In 88 C. J. S., *Trial*, p. 573, sec. 245, it is stated:

"In order to avoid a nonsuit the evidence of plaintiff must be sufficient to raise more than a mere surmise or conjecture that the fact is as alleged. Accordingly, if, when plaintiff rests his case, the facts which were incumbent on him to establish appear from the evidence as merely possible, the court may or should grant a judgment of nonsuit; . . ."

We think that there is insufficient evidence in this case to raise anything more than a surmise or conjecture as to how the negligence of the city, if any, contributed to the happening of the accident. Therefore, the trial court should have sustained the motion for nonsuit.

Because the judgment must be reversed, we do not reach the remaining issues.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment pursuant to this opinion.