PADILLA, Appellant, v. BYDALEK, Respondent.

*No. 580 (1974). Argued September 8, 1976.—*
*Decided October 5, 1976.*
(Also reported in 245 N. W. 2d 915.)

For the appellant there was a brief and oral argument by *Theodore W. Harris* of Racine.

For the respondent there was a brief by *Foley & Capwell, S. C.* and oral argument by *John T. Bode,* all of Racine.

ROBERT W. HANSEN, J.   The only question presented on this appeal from a judgment of nonsuit is whether the evidence presented by plaintiff created a jury question.[1] That was the question before the trial court on defendant's motion for nonsuit, and is the question before this court now.[2] Viewing the evidence in the light most favorable to plaintiff, if there is any inference which might reasonably be drawn therefrom which supports

---

[1] *Household Utilities, Inc. v. Andrews Co.* (1976), 71 Wis. 2d 17, 24, 236 N.W. 2d 663. *See also: Bramman v. Teutonia Recreation Co.* (1943), 242 Wis. 624, 625, 9 N.W. 2d 115.

[2] *See: Household Utilities, Inc. v. Andrews Co., supra,* at page 23.

the plaintiff's claim, the motion for nonsuit should have been denied by the trial court and cannot be affirmed by this court.[3] This requires a review of the evidence adduced by plaintiff,[4] and, in the case before us, reference to the prior appeal of this case to this court.[5]

When this case first came to this court at the demurrer stage, our court, taking as true all facts set forth in plaintiff's complaint[6] and drawing all reasonable inferences from the facts as alleged, held a cause of action was stated if ". . . the defendant attracted his excitable dogs to the area where he knew or should have known there was a loaded shotgun, and . . . failed to restrain his dogs when it became apparent to him that a loaded shotgun was lying on the ground with its muzzle pointing toward the plaintiff . . . in a position where his dogs could step on it."[7] Our court then noted that whether plaintiff can prove the facts alleged upon trial is not the issue (at the demurrer stage).[8] Whether the plaintiff did prove the facts alleged at time of trial is the issue now.

■ Applying the prior *Padilla v. Bydalek* decision on demurrer to the case-in-chief presented by the plaintiff at time of trial, the trial court held that, in order to establish a prima facie case against this defendant, plaintiff was required to introduce evidence to support a reasonable inference that "Frank M. Bydalek knew or should have known that there was a loaded shotgun lying on the ground." This is an entirely correct holding. As to

[3] *Id.* at page 23, citing *Trogun v. Fruchtman* (1973), 58 Wis. 2d 569, 585, 207 N.W. 2d 297, and *Liebmann v. Busalacchi* (1971), 52 Wis. 2d 692, 695, 191 N.W. 2d 31.

[4] *See: State ex rel. Skibinski v. Tadych* (1966), 31 Wis. 2d 189, 193, 142 N.W. 2d 838.

[5] *Padilla v. Bydalek* (1973), 56 Wis. 2d 772, 203 N.W. 2d 15.

[6] *Id.* at page 777, citing *Brown Deer v. Milwaukee* (1956), 274 Wis. 50, 79 N.W. 2d 340.

[7] *Id.* at page 777.

[8] *Id.* at page 777.

whether such requirement as to evidence presented was met, the trial court found:

"This Court has carefully reviewed the record established by plaintiff in this case and has reviewed the evidence in the light most favorable to plaintiff in regard to establishing a prima facie case and finds no inference can be reasonably deduced that Frank M. Bydalek [Sr.] knew or should have known that there was a loaded shotgun lying on the ground. The only evidence in the case relating to a loaded shotgun of an affirmative nature was the gun in the possession and control of Frank L. Bydalek [Jr.], the adult son of the defendant, who appeared upon the scene and must have placed his weapon down after the defendant had allegedly set his weapon and the weapon of the plaintiff aside. There is no evidence in the record to show the defendant, Frank M. Bydalek [Sr.], was aware of any loaded shotgun lying on the ground."[9]

There is no dispute over the fact that the shot which wounded plaintiff came from the gun laid on the ground by Frank L. Bydalek, Jr., with whom plaintiff settled his claim for damages. The amended complaint so alleges,[10] and plaintiff's counsel so acknowledged during oral argument. So the narrow question is whether the defendant father knew or should have known that his son's gun was loaded when it was placed by the son on the ground. The trial court found no evidence in this

---

[9] The trial court also found: "According to the evidence undisputed, Mr. Bydalek, Frank M. Bydalek, Sr.'s back was to the entire affair until the weapon went off," and that: "All of the inferences that can reasonably be deduced relating to negligence concerning the loaded weapon and the fact that it was on the ground would be inferences against Frank L. Bydalek [Jr.], the adult son of the defendant; or it might reasonably be inferred the plaintiff was negligent in placing himself directly in front of weapons which may not be unloaded."

[10] Plaintiff's amended complaint alleges that the son, Frank L. Bydalek, Jr., ". . . laid his gun upon the ground with its muzzle pointing towards plaintiff, which his father, Frank M. Bydalek [Sr.], knew or reasonably ought to have known was fully loaded and operative and dangerous to plaintiff. . . ."

record tending to indicate such knowledge on the father's part. We agree with the trial court that there is nothing in this record to impute such knowledge. There is no evidence that the father witnessed the placing of the gun. His son was an experienced hunter, having shot two of the three birds killed in the hunt. A reasonable man similarly situated would not assume that an experienced hunter would place his gun on the ground without first unloading it. Even weighing the evidence most favorably to the case of the plaintiff, we see no support from the evidence in this record that knowledge the gun on the ground was loaded can be imputed to this defendant, Frank M. Bydalek, Sr.

With this failure of proof on the part of the plaintiff established, we see no reason to proceed further with other deficiencies in the plaintiff's case found by the trial court—*e.g.*, consideration of the finding by the trial court that negligence of the plaintiff, in kneeling on the ground in line with the muzzle of the gun, was, as a matter of law, greater than any negligence that might be attributable to the defendant. It is enough to hold, as required by the original *Padilla Case,* that the plaintiff failed to produce evidence to support a reasonable inference that the defendant knew or should have known that his son's gun was loaded when it was placed on the ground. Nor do we see the excluded testimony of a game warden and an excluded handbook published by the National Rifle Safety Association relating to the proper handling of guns, to be in any manner sufficient to bridge the evidentiary gap between defendant and the son's gun. As to the claim against Frank L. Bydalek, Jr., which was settled before trial, such testimony and handbook might be material as to the standard of care devolving upon him as the one who placed a loaded gun upon the ground. Absent such connection between defendant Bydalek, Sr. and the loaded gun, the excluded testimony and booklet could in no way support an inference that Bydalek, Sr.

knew or should have known that the gun of another, when placed upon the ground, remained loaded. The trial court's granting of defendant's motion for nonsuit is affirmed.

■ We note that plaintiff-appellant on this appeal has included in his brief no synopsis of the transcript. The applicable statute requires summarization of the transcript in the appellant's appendix on appeal.[11] Where this failure to synopsize the transcript occurs, this court has held that it ". . . will see fit to affirm without opinion, and upon motion, impose double costs for these derelictions."[12] While double costs have been awarded in a similar situation,[13] they have not been so awarded where there was no serious dispute as to the facts.[14] We determine this is *not* a proper case to impose double costs.

*By the Court.*—Judgment affirmed, with costs to defendant-respondent.

---

[11] Sec. 251.34 (5) (c), Stats., provides in pertinent part: "An abridgment of the appeal record, including the transcript, but only so much thereof as is necessary to a consideration of the questions involved. The abridgment of the testimony shall be in narrative form with marginal page references to the record, shall follow the same order as that in which the testimony was offered. . . ."

[12] *Martin v. Martin* (1970), 46 Wis. 2d 218, 221, 174 N.W. 2d 468.

[13] *Vonasek v. Hirsch & Stevens, Inc.* (1974), 65 Wis. 2d 1, 16, 17, 221 N.W. 2d 815.

[14] *Barth Brothers v. Billings* (1975), 68 Wis. 2d 80, 93, 94, 227 N.W. 2d 673.